## Richmond.

TRUSTEES OF EMORY AND HENRY COLLEGE v. SHOEMAKER
COLLEGE AND OTHERS.

DECEMBER 5, 1895.

Absent, Buchanan, J.

1. WILLS—*Construction of, in Case at Bar.*—A testator, by his. will, pro-
vided a fund for the education of certain persons.  In declaring his
purpose as to where they shall be educated, he says: "And then
only in a college to be erected on a certain lot or parcel of land
dedicated by me for that purpose in the town of Estillville, Vir-
ginia; but should the college aforesaid be not erected, then I will
and direct that the annually accruing profits aforesaid shall be
expended in as nearly equal proportions as may be at Emory and
Henry and Martha Washington Colleges, in Washington county,
Virginia, for the purpose aforesaid."  The testator died without
having erected a college, or dedicated a lot on. which it was to be
erected.

*Held :*

The fund should be paid to Emory and Henry and Martha Wash-
ington Colleges in the proportions mentioned in the will.

2. WILLS—*Construction of, in Case at Bar.*—In another clause of the will
above mentioned the testator says: "I also set apart the sum of five
thousand dollars, out of the sale of my real estate, for the purpose
of erecting and building a college at Estillville, Va., to be paid by
my executors, hereinafter named, when the same shall have been
collected, to some person or persons duly authorized to receive the
same, provided I do not build said college during my natural life."
The residuary estate was made a part of the permanent trust fund
first above-mentioned.

*Held :*

Taken by itself this clause would be void for uncertainty, but, con-
sidering the will as a whole, this fund becomes a part of the
permanent fund created by the will for educational purposes,
and should likewise be paid to Emory and Henry and Martha
Washington Colleges, in the proportions first above-mentioned.

3. INCORPORATED COLLEGE—*Right to Sue.*—An incorporated college may maintain a suit in equity for the construction of a will in which it has an interest, and to have the trust created by the will properly executed.

Appeal from a decree of the Circuit Court of Scott county, pronounced June 25, 1895, in a suit in chancery, wherein the appellants were the complainants, and the appellees were the defendants.

*Reversed.*

This was a bill filed by the complainants against the executors of James L. Shoemaker, the trustees under his will, and Shoemaker College, praying a construction of the will of said Shoemaker, and that the said executors and trustees be enjoined from applying $5,000 of his estate for the erection of a college at Gate City, Va., and that the said trustees be required to patronize complainants' institution so long as they continue to be colleges for the education of young white men and young white ladies.    The charges of the bill, so far as they relate to Shoemaker College, are as follows :

" Your orators are informed and charge that the said trustees contemplate patronizing with the fund aforesaid the Shoemaker College, a corporation alleged to exist under the laws of Virginia, by virtue of an act of the General Assembly of Virginia, approved March 1st, 1894, entitled ' An act to incorporate the Shoemaker College, in Scott county, Virginia.' Your orators charge that said Shoemaker College cannot, under the terms of said will, be patronized by said trustees.    Your orators are informed that no college building has yet been erected anywhere by said Shoemaker College ; that its building is intended to be erected by it, if ever erected, on a certain lot of land never owned by the said James L. Shoemaker, but conveyed to the said Shoemaker

College by the Gate City Land Company; that said trustees and executors contemplate the application of, and will, unless prohibited, apply $5,000 of their decedent's estate to aid in the erection of said building. Your orators now here again offer to accept the alternative provisions of said will in their favor, and offer to give to such young men and young ladies as may be properly designated for that purpose by said trustees under the said will the benefits of their curriculum and their institutions, and they are advised that they are entitled to ask the court for a construction of said will, and for a decree directing the aforesaid trustees to give to your orators the patronage of the aforesaid fund."

The defendants demurred to the bill, and the complainants joined therein. The Circuit Court sustained the demurrer and dismissed the bill with costs.

*John A. Kelley* and *Bullitt & Kelley*, for the appellants.

*H. S. K. Morrison* and *R. A. & H. J. Ayers*, for the appellees.

HARRISON, J., delivered the opinion of the court.

The bill in this case asks for a construction of the will of James L. Shoemaker, and for a decree enforcing the rights of appellants thereunder. The provisions of the will out of which this litigation has arisen relate to a scheme of the testator, patent on the face of the will, to provide a fund, the income from which should be devoted to the education of young white men and white ladies who were unable to educate themselves.

The ninth clause of the will is a comprehensive plan for carrying out the testator's scheme of education, in which trustees are appointed, and their successors provided for, who

are to hold the funds dedicated by him for the purpose, and use the income, as far as it will suffice, in educating the objects of his bounty, who are to be selected by the trustees named as custodians of the fund.

This controversy grows out of the language used by the testator in prescribing the schools in which the persons to be benefitted should receive the education provided for. In speaking of the permanent fund he is creating for this beneficent purpose, and how it shall be used, the testator says "that the interest, dividends, and profits shall be expended only in the payment of tuition, and the purchase of suitable text-books and stationery for the young white men and ladies aforesaid, and then only in a college to be erected on a certain lot or parcel of land dedicated by me for that purpose in the town of Estillville, Va.; but should the college aforesaid be not erected, then I will and direct that the annually accruing profits aforesaid shall be expended in as nearly equal proportions as may be at Emory and Henry and Martha Washington Colleges, in Washington county, Va., for the purpose aforesaid. And in order to fully carry out and accomplish the object aforesaid, I hereby appoint [certain persons, naming them], citizens of Scott county, Va., and their successors, a board of trustees, who shall have control of the funds so left, &c." And later on, again referring to the subject, he says: "I further will and direct that should no college be erected as aforesaid on the lot or parcel of land in Estillville, Va., and should Emory and Henry and Martha Washington Colleges, or either of them, cease to be schools for the education of young men and ladies, then the said board of trustees, if they deem it advisable, may select any other suitable and proper school for the purpose aforesaid."

The testator died without having dedicated a lot in Estillville, Va., for a college to be erected upon, and this controversy is between Emory and Henry and Martha Washington

Colleges, appellants, on the one hand, and the Shoemaker College, appellee, on the other, as to which is entitled to the patronage arising from the provision made by the testator for the education of young men and ladies.

The Shoemaker College was chartered by the Legislature of Virginia March 1, 1894, after the death of the testator, and proposes erecting college buildings at Estillville, Va., on a lot conveyed for that purpose since the testator's death by the Gate City Land Company.

A great many rules have been invoked for our guidance in construing this will—all sound enough, and valuable, when such aid is needed. There can be, however, no safer guide for interpreting a will than the testator's own words, when they are clear and free from doubt. Here the testator has left a fund, the income from which is to be used for the education of certain persons. In declaring his purpose as to where they shall be educated, he says: " And then only in a college to be erected on a certain lot or parcel of land dedicated by me for that purpose in the town of Estillville, Va.; but should the college aforesaid be not erected, then I will and direct that the annually accruing profits aforesaid shall be expended in as nearly equal proportions as may be at Emory and Henry and Martha Washington Colleges, in Washington county, Va., for the purpose aforesaid."

This language is too plain to call for interpretation. No college can ever be built on a lot in Estillville dedicated by the testator for that purpose, and he has provided for that contingency by declaring that " *should the college aforesaid be not erected, then I will and direct that the annually accruing profits aforesaid shall be expended in as nearly equal proportions as may be at Emorg and Henry and Martha Washington Colleges, in Washington county, Va., for the purpose aforesaid.*"

Any other than the Shoemaker College might with equal

propriety establish itself at Estillville and claim the benefit of this fund, and who could say which of the two or three that might thus compete should be patronized?

The testator doubtless knew that his own funds were insufficient to build a college, and he may have come to the conclusion that other sufficient funds would not be forthcoming to build, at Estillville, Va., such a college as he wished to patronize, and he therefore abandoned the idea of a college at Estillville, and determined to have the objects of his bounty educated at the old established institutions named in his will, and, as a means of carrying out this plan, purposely failed to dedicate a lot in Estillville for a college to be built upon.

In further support of the view that the testator abandoned his idea of a college at Estillville is the pregnant fact that he owned a lot containing four acres in Estillville, Va., which was commonly understood in the community as the lot which he intended to dedicate for college purposes. Several years after his will was written he sold and conveyed this lot, and the purchaser built a handsome residence upon it in the testator's lifetime.

But it is needless to speculate, for neither illustration nor argument can add force to the words employed by the testator to express his meaning.

In the latter part of the first clause of his will the testator uses the following language: "I also set apart the sum of five thousand dollars, out of the sale of my real estate, for the purpose of erecting and building a college in Estillville, Va., to be paid by my executors hereinafter named, when the same shall have been collected, to some person or persons duly authorized to receive the same, provided I do not build said college during my natural life."

This provision, standing by itself, is so vague and indefinite that it cannot be sustained under the most far-reaching deci-

sions on the subject of charitable bequests, or under the Virginia statutes (Code 1887, ch. 65) intended to render effectual certain educational bequests, &c. If, therefore, this provision were construed by itself, it would have to be declared void, and the $5,000 referred to would fall into the residuary fund, and become, as provided in the eleventh clause, part of the permanent fund created by the ninth clause for educational purposes. Considering this $5,000 clause, however, as it should be, in connection with the other provisions of the will touching this subject, the result is the same, and this $5,000 falls into the residuary fund, and becomes part of the permanent fund created by the will for educational purposes.

It is insisted that appellants have no right to maintain this suit. This position is not sound. Both are institutions chartered by the laws of the State, of long standing and reputation. They have a deep interest in the construction of this will, and the enforcement of their rights under it. The patronage the will secures them is valuable, and they have a right to invoke the aid of a court of equity in order to have the trust created by the will properly executed.

For the foregoing reasons, we are of opinion that Emory and Henry and Martha Washington Colleges are entitled to the patronage arising under the provisions of the testator's will, for educating young white men and ladies, until they, or either of them, cease to be schools for the education of such persons as the will provides for.

It follows, from what has been said, that the Circuit Court erred in sustaining the demurrer and dismissing the bill filed by the appellants, and its decree is therefore set aside and annulled; and this cause is remanded to the Circuit Court of Scott county, to be there proceeded with in accordance with the views expressed in this opinion.

*Reversed.*