# Richmond

Massanetta Springs Summer Bible Conference Encampment v. Walter B. Keezell, Administrator, c. t. a., etc., of Henry H. Hickle.

November 16, 1933.

Present, Campbell, C. J., and Hudgins, Gregory and Browning, JJ.

The opinion states the case.

*George S. Harnsberger,* for the appellant.

*Ward Swank, Ethel Irwin Lineweaver* and *F. S. Tavenner,* for the appellee.

GREGORY, J., delivered the opinion of the court.

Massanetta Springs Summer Bible Conference Encampment, a corporation, the appellant here, claims to have been aggrieved by a final decree of the Circuit Court entered in a certain chancery cause pending in said court in which Henry H. Hickle's administrator was the complainant and the appellant and heirs at law of Henry H. Hickle were the defendants. The object of the suit was to construe the will of the said Henry H. Hickle, especially the fifth or residuary clause, under which the appellant claims. The decree adjudicated and declared that the fifth or residuary clause of said will was void and that nothing passed thereunder to the appellant, but that the said Henry H. Hickle died intestate as to the residuum

of his estate and the same passed under the law of descent and distribution to his heirs at law.

A bill in chancery was filed by Walter B. Keezell, administrator, ıc. *t. a.,* asking the court to guide and direct him concerning the following inquiries:

"(1) Who is the beneficiary of the said residuary fund, mentioned in the fifth provision of said will, and to whom shall your orator pay the same?

"Is the gift to 'the trustees of the proposed industrial school,' or is it to 'the church or other agency which shall establish and control such industrial school?' Is the beneficiary sufficiently identified?

"(2) To what use must the fund be devoted in event the gift be established?

"(3) Is the gift conditioned upon the establishment of an industrial school, or may the fund be used for any other purpose?

"(4) Is the gift valid under the rule against perpetuities?

"(5) To whom, and upon what condition, if any, must your orator pay the said residuary fund?"

The fifth or residuary clause of the will which is the subject matter of this controversy is as follows:

"Fifth—To the trustees of the proposed industrial school near Massanetta Springs or to the church or other agency which shall estabish and control such industrial school, whatever balance there may be left of my estate after paying all debts I owe and the costs of executing this my last will and testament."

The appellant, along with the heirs at law of the deceased testator, were made parties defendant and filed answers. The appellant in its answer claims the residuary bequest was intended to be made to it, and it also claims that it is an existing corporation with full power to carry out the purposes of the bequest, while the heirs at law in their answer deny the validity of the said bequest and claim title to the property as heirs at law of their deceased ancestor, Henry H. Hickle.

The trial court in an able opinion which was made a part of the record held that the said fifth clause of the will was void and inoperative because of vagueness, uncertainty and indefiniteness with respect both to the purpose of said gift and the beneficiary thereof and for the further reason that the said gift was void and inoperative under the rule against perpetuities. By its decree the court adjudicated that the appellant would take nothing under the said clause, but that the heirs at law and distributees of the said Henry H. Hickle, deceased, were entitled to receive, in the proportions fixed by the statute of descent and distribution of Virginia, whatever balance there may be left of the estate of the deceased after the payment and satisfaction of all bequests given under the other provisions in the said will and all debts of the deceased, including the costs of administration.

The contest here is between the appellant on the one hand and the heirs of the deceased on the other. They were all parties defendant to the original bill.

The other provisions of the will are unquestioned and there is little or nothing that can be taken from the will as a whole which will aid us in the construction of the particular clause here involved.

The appellant is a non-stock Virginia corporation, chartered at the instance of the Southern Presbyterian Synod of Virginia. It owns valuable property at Massanetta Springs, about five miles east of the city of Harrisonburg, which consists of one hundred acres of land, a modern hotel, a famous spring, orchards and various items of equipment. This property is used for conducting summer Bible conferences and adjoins the lands that formerly belonged to Henry H. Hickle. The purposes for which the appellant corporation was formed are to own and operate the property known as Massanetta Springs and conduct thereon a Bible conference encampment and to develop the property and any other property which the corporation may own "for any other uses, religious and educa-

tional, that the board of trustees of the corporation may deem wise." The governing body is composed of trustees.

For many years the board of trustees has discussed at its meetings the establishment and operation of an industrial school. A prospectus submitting the proposal to those who might be interested in financially assisting the plan, was printed and circulated. The plan progressed to such an extent that funds amounting to some $23,000.00 were collected or promised for the purpose. The goal to be achieved was set at from $50,000.00 to $100,000.00. Since the meeting in 1929 no activities on the proposed industrial school appear to have taken place, but the appellant contends that the plan has not been abandoned.

No other organization or institution, so far as the record discloses, has contemplated the establishment of an industrial school at or near Massanetta Springs.

The testator was a loyal member of the Presbyterian Church, holding his membership at a church about two miles from the appellant's property.

The appellant contends that it is the beneficiary under the residuary clause in question; that there is no uncertainty about the beneficiary because it is clearly apparent that the testator intended to make the bequest to it; that the purpose of the gift is not uncertain and is within its corporate powers and that it is embraced in its plan for the establishment of an industrial school. It is also contended that by the use of parol testimony, whatever uncertainty if any exists, as to the intended beneficiary and the purpose of the gift, can be removed.

Still another contention of the appellant is that Code, section 587, regarding gifts for charitable uses and purposes, validates the bequest here and if the beneficiary is not sufficiently identified as the agency to execute the charitable purpose, the court will, under Code, sections 588, 589 and 590, appoint a proper trustee to carry out the purpose of the gift.

On the other hand, the appellees or heirs of Henry H. Hickle, deceased, contend that the said fifth clause of the

will is void because of uncertainty both as to the beneficiary and the purpose or use of the fund; that the bequest is neither to the appellant as beneficiary nor to it in trust because no such intention appears from the will; that the appellant is not authorized under its charter to receive the bequest; that the said clause is void both as a gift·for undefined educational purposes and as a gift for undefined charitable purposes and it is not validated by Code, section 587; that parol evidence is not admissible because of the patent ambiguity in the said clause and that it is void for the reason that it violates the rule against perpetuities.

As indicated, the trial court agreed with the contentions of the appellees and entered its decree in their favor.

As we view the case it will not be necessary to discuss or decide whether the bequest violated the rule against perpetuities. Our decision will rest upon the question of the uncertainty of the beneficiary and the uncertainty of the purpose of the bequest. If these are uncertain, vague and indefinite, and we think they are, then the other point made becomes immaterial.

At the outset it becomes important to examine and analyze the particular language used by the testator in the fifth clause of his will, "To the trustees of the proposed industrial school near Massanetta Springs, or to the church or other agency which shall establish and control such industrial school * * *."

It is noteworthy that the testator, in the said clause, designated the beneficiary in the alternative; that is to the trustees, or to the church, or to the other agency. It is also important to note that the appellant is not named as a beneficiary in the bequest. The contemplated trustees mentioned are those who may be appointed at some future time for the proposed industrial school. The school has never been established and no trustees have been appointed. From the language used, no one can know or learn whether the school will or will not be established, and if established at all, just when. The time is indefi-

nite. The church mentioned is indefinite. We do not know from the will what church the testator had in mind nor do we know what "other agency" he meant. Likewise we do not know the object of the bequest. He gave no instruction as to how it should be applied or used. He does not direct that it shall be used for charity, or educational purposes nor does he direct that it shall be used for religious purposes. He failed to state or direct the use or application of the fund. The trustees, if ever appointed, would be unlimited in the exercise of their power over the use of the fund and the courts would be powerless to aid or restrain them. The language of the bequest is ambiguous, vague and indefinite. A patent ambiguity clearly appears.

The testator was thoroughly familiar with the appellant corporation and its functions and if he had desired it to be the beneficiary in the bequest he would have named it. But nowhere in the particular clause of the will or elsewhere therein is there to be found any intention, expressed or implied, on the part of the testator to give any portion of his estate to it.

██ The object of construction is to ascertain the expressed intention of the testator. In Harrison on Wills and Administration, section 185, this is said:

"The intention must be collected from the words of the will, for the object of construction is not to ascertain the presumed or supposed but the expressed intention of the testator; that is, the meaning which the words of the will, correctly interpreted, convey. It is not proper for the court to venture into speculations as to what the testator may have intended. Conjecture cannot be permitted to usurp the place of judicial construction, nor supply what the testator has failed sufficiently to indicate. The true inquiry is not what the testator meant to express, but what the words he used do express. As said by Judge English, in *Pack* v. *Shanklin*, 43 W. Va. 304, 27 S. E. 389, 'The cardinal rule controlling the interpretation of wills is that the intention of the testator must be looked for, and

in order to ascertain the meaning of the testator, we must take the will by the four corners and look upon its face and there find the intent from the words used. As was announced in the case of *Couch* v. *Eastham,* 29 W. Va. 784, 3 S. E. 23, "in the interpretation of wills the true inquiry is not what the testator meant to express, but what do the words used express".' "

█ And the same author in section 197 of his work says: "* * * no parol declarations of the testator or other evidence of intention will be received in evidence in cases of patent ambiguity."

It is perfectly obvious that the testator did not intend to give any portion of his estate to the appellant for its purposes, regardless of whether the school is or is not established in the future. The bequest could not, if at all, take effect until some future time when the school had been established and when, if ever, it will be established no one knows.

█ The uncertainty of purpose alone is sufficient to invalidate the bequest even if it be assumed that the beneficiary has been properly designated, for it is essential to the validity of such bequests that the purpose of the trust be clearly defined and the duties of the trustees prescribed. *Fifield* v. *Van Wyck's Ex'r,* 94 Va. 557, 27 S. E. 446, and see note to this case in 64 Am. St. Rep. 756; *Emory & Henry College* v. *Shoemaker College,* 92 Va. 325, 23 S. E. 765.

In the present case, as already stated, the will of the testator is silent as to the purpose of the supposed trust and no limitation is placed upon the supposed "trustees, church or other agency" in the exercise of their powers, nor are their duties defined.

In the case of *Fitzgerald* v. *Doggett's Ex'r,* 155 Va. 112, 155 S. E. 129, Mr. Justice Hudgins referred to and analyzed all of the Virginia cases which treat of the subject under discussion. He also discussed, construed and gave the history of Code, section 587, the validating statute, with its amendments. That case is relied upon by the appellant,

but upon an examination of it we do not think it applies to the instant case because there is nothing in the will here to indicate that the bequest was for charitable, or educational purposes. Here there is a total absence of any certainty of purpose or of any direction to the trustees or church or other agency which is supposed to control the fund, or the use or application of the fund.

Mr. Harrison, in his work on Wills and Administration, at section 214, gives an interesting and instructive discussion of trusts for charitable, and educational purposes. Mr. Minor, in his work on Real Property, at sections 505 and 506, also gives an instructive discussion of the subject. He says in section 505 that, "In order that a court of equity may carry trusts into effect they must be *certain and definite* in respect to the *objects* or persons who are to take, and also in respect to the *subject matter* thereof * * *." His conclusion is that where they are vague and indefinite in either of these particulars, they are void.

In our opinion the bequest here is not embraced in the validating provisions of Code, section 587. It has no application. This is demonstrated by the case of *Fitzgerald* v. *Doggett's Ex'r, supra.*

The learned chancellor, the Hon. H. W. Bertram, aptly expressed his conclusions and reasons therefor, upon this branch of the case, in which we concur. He said in part:

"There is nothing in the will itself to indicate whether the testator intended his gift to be for any charitable purpose whatever, nor for that matter does it appear that it was intended for educational purposes other than the presumption arising from the fact that it was for the benefit of a school. It is only by reference to the extrinsic evidence that one learns that the proposed school would have, if established, any charitable feature connected with it.

"But without further consideration of whether the testator intended to create a trust for charitable purposes or for educational purposes (the Virginia statute has the two

classes), if he created a trust at all, it is evident from reading the will that he totally failed to define the purpose to which the fund is to be applied.

"Zollman on Charities, p. 238, says: 'Closely related with the question of uncertainty of beneficiaries is the question of indefiniteness of purpose. It is clear that, if the purpose of a testator cannot be ascertained, the beneficiaries become absolutely unascertainable, and a trust may, therefore, "be so indefinite and uncertain in its purpose as distinguished from its beneficiaries as to be impracticable, if not impossible for the courts to administer." The use, therefore, must be for some purposes clearly defined. Indefinite charitable trusts are void even in England, both at law and in equity, and are carried into execution by the King as *parens patriae* under his sign manual only. The courts in this country, while they have succeeded to the powers and jurisdiction of the English chancery court, have not succeeded to the prerogative of the Crown, nor is there here any sovereign direction which they are bound to follow * * * if the charity does not fix itself upon any particular object, but is general and indefinite, such as the promotion of the moral and intellectual conditions of a race, or the relief of the poor, and no plan or scheme is prescribed, and no direction is lodged by the testator in certain and ascertained individuals it does not admit of judicial administration. That such indefiniteness of purpose is a fatal defect in America cannot be doubted, as the prerogative *cy pres* doctrine has no application on this side of the Atlantic. Since American tribunals are not clothed with the prerogative of the Crown, but are invested only with judicial authority, the English doctrine of charitable trusts is not in force in America so far as gifts are concerned whose purposes are so indefinite that they cannot be executed by the courts. A gift to be valid must, therefore, not only be consistent with local law and policy, but must define the donor's purpose clearly and certainly, and with such sufficiency that the court at the instance of the Attorney General

(under our present statute the attorney for the Common-
wealth) can by order direct the carrying out of the trust
duty. Where such uncertainty exists that the courts can-
not see what purpose the testator had in view, the legacy
or trust must fail.'

"But there is nothing in the will itself that indicates that
the testator had any intention of dedicating his gift to any
charitable purpose whatever. The extrinsic evidence, even
though it shows that the industrial school which is con-
templated being established at Massanetta Springs, if es-
tablished, shall be somewhat charitable in its aims and
conduct, cannot be allowed to so change the terms of the
will as to read into it any such intents much less supply
both the purposes and beneficiaries of the charity.

"The only construction to be given the will, other than
that the gift was an absolute one to the school, is that the
testator intended the fund to be used for undefined edu-
cational purposes and this construction can be given only
because the gift seems to have been for the benefit of a
school when established.

"This conclusion affords an application of the only de-
cision of Virginia Court of Appeals, that, so far as I can
find, is anyway near direct authority upon the question,
namely, *Emory & H. College* v. *Shoemaker College,* 92 Va.
320 [23 S. E. 765].

"The language of the will was 'I also set apart the sum
of five thousand dollars, out of the sale of my real estate,
for the purpose of erecting and building a college in Estill-
ville, Virginia, to be paid by my executors hereinafter
named, when the same shall have been collected, to some
person or persons duly authorized to receive the same,
provided I do not build said college during my natural
life.'

"In that case the language was definite as to the purpose
for which the gift was made, *viz.,* the 'erecting and build-
ing of a college.' And yet the court said: 'This provision,
standing by itself, is so vague and indefinite that it cannot
be sustained under the most far-reaching decisions on the

subject of charitable bequests, or under the Virginia statutes (Code 1887, ch. 65) intended to render effectual certain educational bequests, etc. If, therefore, this provision were construed by itself (that is, without other parts of the will) it would have to be declared void.'

"At the time that case was decided the present section 587 of the Code was in all respects as it is now in so far as it related to gifts, etc., for educational purposes, but did not include the provisions intending to validate gifts, etc., for charitable purposes.

"But whether the bequest under consideration was intended as a gift for charitable or simply educational purposes, the purposes are so indefinite and undefined as to be incapable of enforcement by a court of equity and, therefore, under these authorities is void, as a trust."

The decree is affirmed.

*Affirmed.*