# Richmond

ELLA R. MOORE, ET ALS. v. GEORGE F. DOWNHAM, EXECUTOR
AND TRUSTEE UNDER THE LAST WILL OF SARAH
ADELA WILKINS, DECEASED.

March 12, 1936.

Present, Campbell, C. J., and Hudgins, Gregory, Browning,
Chinn and Eggleston, JJ.

The opinion states the case.

*Frederick L. Flynn, M. D. Rosenberg* and *B. Cohen,* for
the appellants.

*J. Randall Caton, Jr., Albert V. Bryan, Richard L. Ruff-ner, Irving Diener, Harry F. Kennedy* and *Stanley King,* for the appellee.

CAMPBELL, C. J., delivered the opinion of the court.

We are called upon in this appeal to decide whether the residuary clause in the last will of Sarah Adela Wilkins, deceased, creates a valid testamentary charitable trust. The chancellor of the lower court thought that it did and so decreed.

The residuary clause in said will is as follows:

"13. I give, bequeath and devise all the rest and residue and remainder of my property, both real, personal and mixed, of whatever kind and nature, and wheresoever situate, unto my executor and trustee, hereinafter named, for the following purpose: (a) To receive said residue; (b) For him to dispose of for charitable purposes to such associations, corporations or individuals, at any place and at any time and in any amount that he personally deems fit and proper. My trustee is not, however, to give any part of the above-named residue of my estate to the Anne Lee Memorial Home for the Aged, located at Alexandria, Virginia, as this home was given a bequest under the last will and testament of my deceased sister, Mary Rosalie Hendley."

The decree appealed from was pronounced upon a demurrer. The appellants here filed their bill of complaint in the lower court alleging that they were the nieces and nephews and the only heirs at law of Sarah Adela Wilkins, deceased. They prayed that the will be construed, especially clause 13, and that said clause be declared invalid because of vagueness and indefiniteness. George F. Downham, executor and trustee, was made the defendant. He filed an answer to the bill and in it he designated various corporations and associations as beneficiaries. He averred that whatever uncertainty that may have existed as to the beneficiaries was removed by his designation,

but upon motion of the complainants that portion of the answer which designated the corporations and associations as beneficiaries was stricken out. The Alexandria Hospital, one of the beneficiaries, filed an intervening petition. It also filed a demurrer to the bill of complaint. The answer of the executor and trustee, the petition of the intervenor and the demurrer of the Alexandria Hospital raised but one question of law; that was whether clause 13 of the will created a valid charitable trust under our Virginia law.

The chancellor of the lower court, as already stated, held the view that said clause was validated under Code, section 587, and that it was a valid charitable trust. The demurrer was sustained and the bill of complaint dismissed.

The sole and determinative question to be decided is whether under the provisions of Code, section 587, clause 13, of the will created a valid charitable trust.

Clause 13, when stripped of all unnecessary verbiage and reduced to plain and simple language would read: "I give * * * all the rest * * * of my property * * * unto my executor and trustee * * * for him to dispose of for charitable purposes * * *."

Is such a gift, which would have been clearly invalid prior to the enactment of the amendment of 1914 to Code, section 587, given life and made valid by that section?

Code, section 587, as amended in 1914 (Acts 1914, chapter 234, page 414), in part reads thus: "* * * and every gift, grant, devise or bequest * * * made for charitable purposes * * * shall be as valid as if made to or for the benefit of a certain natural person * * *." Does this language validate clause 13?

The language of the statute is clear, plain and unambiguous. If we give the language its plain meaning, every devise made for charitable purposes is just as valid as a devise made to a certain natural person or for his benefit. Of course a devise made to or for the benefit of a certain natural person is valid.

The appellants contend that the testatrix failed to name a beneficiary; that she failed to describe the objects of her bounty; that she failed to name a definite and certain charitable purpose to which the fund should be applied and that she failed to prescribe the duties of the trustee. For these reasons the appellants say the devise is void for indefiniteness and vagueness and that it is not validated by Code, section 587. They argue that the testatrix had no definite object in mind when she made the devise other than that the residuum should be disposed of for such charities as the trustee might select; that the trustee could even refuse to act indefinitely under the broad powers given him; or that he could select, in his discretion, any charity, at any time and at any place, whether private or public as he saw fit and the court would be powerless to supervise the exercise of his duties; that no one could proceed in court to have the trust enforced against the wishes of the trustee, if he failed to act because the selection of the charity is personal to him and not even the Acts of the General Assembly (Code, sections 588, 589, 590, and Code Supp. 1934, section 6298a), providing for the substitution of trustees where the original ones fail or refuse to act and providing for the execution of the trust after new trustees have been appointed by the court, could apply, since to do so would be, in effect enforcing the trust against the wishes of the trustee and in contravention of the express terms and direction of the will. They say that the test to be applied is: "Can a court of equity in Virginia enforce this attempted trust in the event the trustee fails or refuses to act, or dies?"

Section 588 of the Code provides among other things that when the trustee refuses to take the subject of the trust, trustees may be appointed for that purpose by the court and section 590 provides for the appointment of new trustees where the original one or ones named in the will refuse to act. Motion for this purpose is made by the attorney for the Commonwealth and the trustee so appointed is authorized to carry out the trust. In 1934,

a new act was enacted by the General Assembly and it is carried in the Code Supp. 1934 as section 6298a. It reads as follows:

*"Substitute trustees in case of discretionary trusts.—* Where any trust heretofore or hereafter created by will, deed, or other instrument in writing is discretionary, or one of personal confidence, and the trustee or trustees named therein become incapable of executing the trust for any of the reasons stated in this chapter, or the purpose of such trust has failed or is failing because of the arbitrary exercise of discretion by the acting trustee or trustees, then, and in such event, substitute trustee or trustees shall be appointed by the court in which such former or original trustee or trustees were appointed and qualified, or in which such will, deed, or other instrument in writing is of record, and in the same manner as provided for the appointment of substituted trustees in other cases, and such substituted trustee or trustees shall exercise the powers of discretion and personal confidence vested in the original trustee or trustees under the direction and approval of the appointing court; provided, that in those cases where the power or right of exercising the discretion named in such will, deed, or other instrument in writing is by express language limited or restricted to the trustee or trustees named therein, or the rights of remaindermen thereunder have already become vested by the express terms and clear intent of the instrument creating the trust, such discretion shall not thereafter be exercised by the court or any substituted trustee except for preventing the purpose of the trust being defeated, but shall remain fixed as expressly and specifically stated in such will, deed, or other instrument in writing." (1934, chapter 397, pp. 836, 837.)

When we consider and construe the related sections of the Code together, as we must do under elementary principles, we find authority for the court to supervise and enforce any and all trusts. When the provisions of section 6298a are considered, they lend weight to the

view that the General Assembly intended by that act to broaden the scope of charitable trusts and prevent their failure even though they are general and indefinite. Under that act, trusts which depend upon the discretion and personal confidence of the trustee in their exercise, where he refuses or fails to act, may be enforced by a substituted trustee who is given the power to exercise the discretion and personal confidence which was vested in the original trustee. Therefore, in the case before us, we think that if the trustee fails to perform his duties in connection with the trust and refuses to act the court could and would enforce the trust under the powers granted it by the. General Assembly.

Only two cases have come before this court involving charitable trusts, since the 1914 amendment. They are *Fitzgerald* v. *Doggett's Ex'r,* 155 Va. 112, 155 S. E. 129, and *Massanetta Springs, etc.* v. *Keezell,* 161 Va. 532, 171 S. E. 511, 512. In the *Fitzgerald Case* a residuary clause of the will was validated under section 587 as a valid trust and upheld, although it was necessary for the court to appoint a trustee. The court would not allow the trust to fail for the want of a trustee whom the court had the power to appoint. The object of the testator's bounty was manifested in her will. The facts in that case are quite different from those in the case at bar and the principal contention made in that case, viz: the failure to name a trustee, is not present here.

The *Massanetta Case* likewise is very different from the case at bar. There the language of the clause which was held to be void because too indefinite was "to the' trustees of the proposed industrial school near Massanetta Springs, or to the church or other agency which shall establish and control such industrial school, * * *." It will be noted that the beneficiary is designated in the alternative; that the appellant was. not the named beneficiary; the school has never been established and no trustees were appointed and that the testator did not direct that the fund be used for charity nor for education nor for religious purposes.

Both of those cases were decided before the enactment of Code Supp. 1934, section 6298a.

In the present case the testator devised the property to the trustee "for charitable purposes." The trustee was given the power to name the corporations, associations or individuals who were to receive the gift. It was left to his discretion. Our conclusion is that the devise was made valid by the statute and that the decree should be affirmed.

*Affirmed.*