# Richmond

W. A. FRAVEL, ET AL. V. PRENTISS A. SHREVE, ET AL.

March 8, 1943.

Record No. 2628.

Present, All the Justices.

The opinion states the case.

*Albert V. Bryan*, for the appellants.

*John W. Rust*, for the appellees.

BROWNING, J., delivered the opinion of the court.

We have for review the action of the court below in appointing trustees, in the place of others who had died, under a trust declared by a trust deed of April 9th, 1889, executed by the Loring Land and Improvement Company.

The trustees named, who have since passed away, were T. T. Taylor, R. S. Porter and F. L. Brenizer, citizens of the county of Fairfax, Virginia, and of the Dunn Loring neighborhood.

Here are the terms of the deed with which we are concerned:

"Witnesseth, that the party of the first part, for and in consideration of their desire to advance the interests & promote the happiness of the People of this neighborhood, & for the further consideration of One dollar to them in hand paid, * * * * * * *.

"To Have and to Hold unto the parties of the second part, and their successors forever. In Trust, to erect thereon a building to be used as a School House, and for religious services, for the use and benefit of the Neighborhood of Dunn Loring forever, Provided that if for five years no School is kept, nor religious services held in said building, then said land with all its appurtenances shall revert to the Grantors with the same right and title, as if this Deed had not been given."

It is readily seen that the settlor probably made no effort to bring its worthy and humanitarian purpose strictly within a technical conception of the type of trust it was creating and employing. It may smack of the nature of a variety of trusts, as designated by the text writers, as public trusts, charitable trusts, express trusts, and others. One of the most distinguished authors has said, in terms, that public trusts and charitable trusts may be considered in general as synonymous expressions. Levin, Trusts, 20. For our inquiry here we do not think it makes any particular difference under what listing it falls. If there is a difference, we would be inclined to think of it as of rather negligible importance. We say this because the main thing about a trust is that it be so declared and so executed as to conserve the purposes of the declarant or settlor. Happily they are generally benign and praiseworthy.

With this trust things appear to have gone smoothly until the last of the original trustees died and it became necessary, in the judgment of some of the beneficiaries, to have others appointed.

Fifteen citizens and property holders of the Dunn Loring community, who admittedly come within the terms of the trust deed, as beneficiaries, united in a petition to the circuit court of Fairfax County, asking that three trustees be appointed, in the place and stead of those who had died, designating them by name, and averring their fitness and acceptability.

Notice of the motion was served upon the Methodist Church at Dunn Loring, Virginia, through its trustees, who

with other officers of the church, answered opposing the motion, claiming ownership of the property, and asserting title thereto, by adverse possession, and by virtue of a quit claim deed from F. S. McCandlish, and attacking the authority of the petitioners to ask for the appointment, because the motion was not made under the appropriate statute, which it charged was section 590 of the Code of Virginia, and not section 6298, under which the court appeared to have proceeded. It was also charged that the appointment of trustees would be prejudging a controverted question of title, in that, the court would be decreeing efficacy to a trust deed which then possessed none. As to the matter of title we shall say little beyond that it is moot in this proceeding and its presence presents an abstract question which does not and cannot arise within the compass of the motion. Moreover, the elements of adverse possession are not stated. One query will not down. Can one beneficiary in a trust deed hold the trust subject adversely to another? Certainly it is canonical that one heir holds the inheritance for the benefit of the other heirs. We are not favored with a copy of the quit claim deed hence we know nothing of its origin or the source of its alleged potency.

We do not think it necessary to discuss at length the urged conflict between the two statutes, sections 590 and 6298 of the Code of Virginia or that the provisions and terms of the one or the other should have been employed by the petitioners. If section 590 afforded the exclusive remedy, we may say, that its provisions were substantially complied with when the court had the attorney for the commonwealth attend the proceedings and he assented to what was done and endorsed the order making the appointment. He could not have done more had he personally made the motion. If section 6298 was the appropriate statute then all proper parties were before the court either in person or by representation. The most plenary method of notice could not have accomplished more.

■ ■ Further the church's answer stated that it was the sole party in interest and, of course, it was before the court. We held in the cases of *Moore* v. *Downham*, 166 Va. 77, 184 S. E. 199, and *Roller* v. *Shaver*, 178 Va. 467, 17 S. E. (2d) 419, that the related sections of the Code as to trusts must be considered and construed together to attain their ends, which is salutary.

But if the court had been without statutory authority for its action it would still have had the inherent power to appoint trustees to protect the trust for the beneficiaries.

In Pomeroy's Equity Jurisprudence, Vol. 4, Fifth ed., page 260, section 1087, is this statement of the law:

■ ■ "The principle has already been stated that an express trust validly created shall not fail for want of a trustee (S. 1007a). Courts of equity, therefore, independently of statute, possess the inherent power and jurisdiction to appoint new trustees whenever such action is necessary to protect the rights of the beneficiaries."

We do not think that the order of the court affects the title to the trust subject in one way or another, safe-guarded as it is.

We are of opinion to affirm the order of the lower court. If we did otherwise we would sacrifice the substance to the shadow and thus do violence to a sound and wholesome concept of law and equity and good conscience.

■ We, however, expressly find and conclude that the saving clause in the decree is effective and that the church's title, ownership, and right to possession of the land, whatever it may be, is not in any wise affected by the order or decree of April 7, 1942, or by the order of this court hereunder.

*Affirmed.*