# Richmond

ANNE FINCH ALLAUN AND MAXINE FINCH TYDINGS V. FIRST
AND MERCHANTS NATIONAL BANK OF RICHMOND,
EXECUTOR OF THE WILL OF FENTON F. FINCH,
DECEASED, ET AL.

November 21, 1949.

Record No. 3526.

Present, Hudgins, C. J., and Gregory, Spratley and Staples, JJ.

The opinion states the case.

*Newman & Allaun*, for the appellants.

*McGuire, Eggleston, Bocock & Woods, Thomas C. Gordon, Jr., Hunton, Williams, Anderson, Gay & Moore, Buford, Christian, Huntley & Scott, William R. Blandford* and *John P. Flanagan*, for the appellees.

GREGORY, J., delivered the opinion of the court.

A suit was instituted in the Circuit Court of Powhatan county by the First and Merchants National Bank of Richmond, Executor of the Will of Fenton F. Finch, deceased, against Sheltering Arms Hospital, Inc., et als., for the purpose of seeking the advice of the court in respect to certain provisions of the will of Fenton F. Finch who had died on February 26, 1947, and whose will had been admitted to probate in the clerk's office of the Circuit Court of Powhatan county. It was there that the complainant qualified as executor.

Among the defendants to the bill of complaint were the three children, sole heirs at law of Fenton F. Finch, deceased. They are Anne Finch Allaun, Maxine Finch Tydings, and Elizabeth Finch Tabler. Elizabeth Finch Tabler did not contest the suit.

After the answer of Anne Finch Allaun and Maxine Finch Tydings had been filed the complainant moved that it be stricken, and by decree entered on September 27, 1948, the answer was stricken as being insufficient in law.

The averments of the answer were that the provisions for a trust for the benefit of Sheltering Arms Hospital, Inc.; Masonic Home of Richmond, a corporation; Home for Incurables of Richmond, a corporation; Protestant Episcopal Church Home, Inc.; Crippled Childrens Hospital, a corporation, and to the white poor of Powhatan county, are unreasonable, contrary to public policy, and of no legal effect.

Other averments of the answer challenge the legality of two certain deeds made by Finch conveying property in remainder in Powhatan county and in the city of Richmond, respectively, to trustees for the benefit of certain churches. The preceding estates having terminated, the remainders are now effective, if valid.

The court, in striking the answer, by its decree held that the will of Fenton F. Finch established a valid charitable trust and that the appellants have no interest in the real estate conveyed under the deeds. The court also reserved for future determination the question as to whether the trust should be terminated before the end of one hundred and twenty-five years, which was stipulated by the testator, and whether the remainders under the deeds were valid. The court was of the view that the appellants had no interest in the subject of the litigation, and withheld decision on the questions. The will is set forth at the end of this opinion.

It will be noted from reading the will that the testator devised and bequeathed *all* of his property, real and personal, to be held in trust for one hundred and twenty-five years for the six beneficiaries, after deducting donations later noted, one-half of the net income each year to be divided among those six beneficiaries, the other half to be accumulated and reinvested, and the whole fund to be divided among the beneficiaries at the end of the one hundred and twenty-five year period. This provision gives rise to the material point in the case.

The main contention of the appellants is that the trust created by the will of Finch is not a charitable trust, and that it violates the rule against perpetuities.

On the other hand, the contention of the appellee is that not only are gifts in trust for the benefit of corporate charitable organizations valid, but trusts for the benefit of indefinite beneficiaries, such as the white poor of Powhatan county, are equally valid; that the trust under the Finch will is a charitable trust; that the rule against perpetuities is not applicable, and that the provision for accumulation of income does not vitiate the trust but remains subject to the control of the court.

The charters of the five corporate beneficiaries were introduced in evidence and speak for themselves. A mere reading of them convinces the impartial mind that they are for purely benevolent and charitable purposes.

A very comprehensive definition of what is a charity, within the purview of Virginia law, is found in 3 M. J. (Michie's Jurisprudence), Charitable Trusts, sec. 2. There it is defined: " 'A charity,' in a legal sense, may be described as a gift to be applied, consistently with existing laws, for the benefit of an indefinite number of persons, either by bringing their hearts under the influence of education or religion, by relieving their bodies from disease, suffering or constraint, by assisting them to establish themselves for life, or by erecting or maintaining public buildings or works, or otherwise lessening the burdens of government. It is immaterial whether the purpose is called charitable in the gift itself, if it is so described as to show that it is charitable. Generally speaking, any gift not inconsistent with existing laws which is promotive of science or tends to the education, enlightening, benefit or amelioration of the condition of mankind or the diffusion of useful knowledge, or is for the public convenience is a charity. It is essential that a charity be for the benefit of an indefinite number of persons; for if all the beneficiaries are personally designated, the trust

lacks the essential element of indefiniteness, which is one characteristic of a legal charity."

The text is supported by a number of Virginia cases.

The subject of charitable trusts has been before this court on many occasions. The most recent case is *Thomas* v. *Bryant,* 185 Va. 845, 40 S. E. (2d) 487, 169 A. L. R. 257. There, the testator, a resident of Wythe county, directed that after the death or remarriage of his wife, all of the remainder of his estate be devoted to the maintenance of a home for destitute and dependent aged white people, both men and women, living in Wythe county, the said home to be located in the town of Wytheville, and to be named the George W. Simmerman Home For the Aged. The legal title to the property was to be vested in five trustees.

The provision in the will was challenged because of alleged impossibility of performance, in that the available fund was insufficient for the maintenance of such a home, that the trust was invalid because it was too indefinite, and violated the rule against perpetuities.

The court, speaking through Mr. Justice Eggleston, held that charitable gifts are viewed with peculiar favor by the courts, and every presumption consistent with the language contained in the instruments of gift will be employed in order to sustain them. All doubts will be resolved in their favor. And at page 852, the court said: "In the case before us the testator desired that this fund be used for a worthy charitable purpose. It is clear that he did not intend that his heirs should receive it. While the income from the fund may not be sufficient to maintain and establish a home on the scale of some other institutions of like character, there is no reason why it should not be applied as far as is practicable to carry out the testator's intent. Surely, the fact that the fund may not be adequate to provide for the needs of all of the indigent aged of Wythe county is no reason why it should be taken from the small number who may be aided thereby and turned over to the heirs, contrary to the intent of the testator."

And the court, in speaking of the *cy pres* doctrine in its broadest aspects, said it need not be applied. The court concluded: "In the present case we hold, without resorting to the *cy pres* doctrine, that the use of the residence of the testator and the fund set aside for the maintenance of the Simmerman Home, so far as possible, are within the expressed plan of the testator and should be carried out to the extent of the fund provided."

The court disposed of the question of indefiniteness in this language: "As to the appellees' contention that the gift is invalid *per se* for indefiniteness little need be said. In *Moore* v. *Downham*, 166 Va. 77, 79, 184 S. E. 199, 200, we held that under Code, section 587, as amended in 1914 (Acts 1914, ch. 234, p. 414), 'every devise made for charitable purposes is just as valid as a devise made to a certain natural person or for his benefit.' The specific provision there held to be valid was a bequest of all of a testator's property to his executor and trustee, to be disposed of 'for charitable purposes.' The principles there laid down are sufficiently broad to insure the validity of the gift now under consideration."

And finally, in speaking of the rule against perpetuities, the court said: "* * * we think it was the clear intent of the testator that the class of individuals whom he intended to benefit should take a vested interest in the residuum of his estate immediately upon his death, and that merely the enjoyment thereof was postponed beyond the life estate of the widow. The language used is: 'I direct my surviving Executor, after the death or remarriage of my wife, and the payment of the legacies hereinbefore mentioned, to apply and use all of the remainder of my estate in the building and maintenance of a home for destitute and dependent aged white people, both men and women, living in Wythe county, Virginia.' "

The rule against perpetuities was not violated.

We think the case of *Thomas* v. *Bryant, supra,* is controlling of the case at bar.

■ The beneficiaries in the case at bar were vested with the estate upon the death of the testator. There were no conditions or contingencies. The subsequent management, accumulation and reinvestment do not serve to divest it. Those are matters that are always subject to the control of the court as future questions may arise.

In speaking of accumulation of income, in *Collins* v. *Lyon*, 181 Va. 230, 24 S. E. (2d) 572, we quoted with approval from "The Law of Future Interests", Simes, Vol. 2, page 508, as follows: "If a trust for charity is vested, a provision for accumulation of income is valid and will be effectuated so long as it is not unreasonable. As the Connecticut court recently said, in sustaining a charitable trust for an accumulation for a period of ninety-nine years: 'In the case of gifts to charities, the ordinary rule against accumulations does not apply, the only limitation being in the power of the court to take remedial measures should an unreasonable condition result.' The argument for this position is about as follows: Charities are favored by the court. The charitable trust is subject to the directions of the court of equity; and, if the accumulation should become unreasonable, the court has power to direct the trustee to disregard it. Thus the charitable trust will be sustained, and objectionable features will be prevented by the control of the court."

■ There is no merit in the contention of the appellants that the provision for the accumulation of income for one hundred and twenty-five years is unlawful, unreasonable and sufficient to invalidate the trust. As we have already stated, a charitable trust is subject to the future direction of a court of equity. And in *Collins* v. *Lyon*, *supra*, we expressly passed upon the question of the accumulation of income.

Here the corporate beneficiaries of the trust are by their charters granted the right to take and hold charitable bequests. That is one of the purposes of these corporations. That they are exclusively charitable in their nature is not denied, nor can it be denied that they are not operated for gain, but solely in the interest of humanity. Therefore, they

have the right under the law to receive the income and to receive the entire corpus of the fund at the specified period unless the trust is tainted with illegality. We fail to find any illegality in it. The mere postponement of the enjoyment of the corpus of the trust for one hundred and twenty-five years would not alone invalidate it. This trust measures up in every respect to the definition of a valid charitable trust in Virginia. All of our cases sustain its validity, and no Virginia case has been cited to the contrary.

Even if it were held that the postponement of the enjoyment of the corpus be unreasonable, this would not invalidate the trust. It would only give rise to action by the chancery court at a future time. It would step in and supervise the trust by its directions and orders. *Roller* v. *Shaver*, 178 Va. 467, 477, 17 S. E. (2d) 419.

The will of Finch being valid, and the trust being valid, the appellants not being devisees under the will except as to the bequest of $5 to each of his three children, have no interest in the estate which passed under the will. Finch placed *all* of his property in the trust, "after deducting donations noted hereafter". He expressly intended that his heirs, the appellants, should not have it. He stated in his will that he had already provided for them in his lifetime by placing a large estate in Newport News in trust for them.

The appellants rely very strongly on *Porter* v. *Baynard*, 158 Fla. 294, 28 So. (2d) 890, 170 A. L. R. 747, *certiorari* denied, 330 U. S. 844, 67 S. Ct. 1085, 91 L. ed. 1289. That case, in our opinion, to some extent is at variance with the holdings of our court. The decisions of our court so completely control this case that we do not think we should consider the *Florida case*.

The trust for the benefit of "white poor of Powhatan County, Virginia", is sufficiently definite under our law to be valid and enforceable. See *Roller* v. *Shaver, supra.*

Next it is contended that the two trust deeds executed by Finch to trustees, in his lifetime, creating a remainder in the churches, and which is now vested because of the termina-

tion of the precedent estates, are void because contrary to the statutes which limit the amount of land to be held by a church to four acres in a city and twenty-five acres out of a city. See Code, 1942 (Michie), sections 38, 39, 40 and 43.

The court below did not decide this question because in its view the appellants had no interest in this litigation nor in the estate of Finch, and therefore it was unnecessary to decide the issue at this time. We think the trial court was correct in reaching that conclusion.

Even if the trust deeds were void and the churches were not entitled to the remainder which is now vested, the appellants could not benefit thereby, because this real estate conveyed in the trust deeds would revert to the Finch estate and pass under the trust provisions of his will, for he expressly stated in his will that *all* of his property should be placed in the trust. For these reasons we do not think that the appellants have any right to a decision of that question.

Lastly, it is contended that the appellants are entitled to an allowance for expenses and attorney's fees. They contend that they were involuntarily brought into this suit and that in their answer which was filed and which was later stricken, they expressly stated that they would ask for expenses and attorney's fees. However, when the matter came on for hearing they did not present this claim to the trial court. It not having decided the point, this court will not do so.

Even though we do not decide this point, it is interesting to note what our court had to say on the subject in *Aldridge v. Rodgers*, 183 Va. 866, 872, 33 S. E. (2d) 654: "The last assignment of error calls in question the action of the court in refusing to allow counsel fees to counsel for appellants out of the residuary estate, and directing that the fees should be paid from the corpus of the several trusts by the beneficiaries whom counsel represented.

"Section 3430 of Michie's Code provides for the payment of counsel fees when, in the opinion of the court,

counsel discovers, creates, or preserves a fund which enures to the common benefit of all litigants. *Mann* v. *Bradshaw*, 136 Va. 351, 118 S. E. 326.

"In *McCormick* v. *Elsea*, 107 Va. 472, 59 S. E. 411, we held that the discretion vested in the trial court by the statute should never be exercised in a suit where the interests of the litigants whose fund is sought to be charged are antagonistic to the claimant whose counsel is seeking the fee."

Upon the whole case, we are of opinion to affirm the decree of the lower court.

*Affirmed.*

### WILL OF FENTON F. FINCH

"Richmond, Virginia, April 10, 1945

"I, Fenton F. Finch, being of sound and disposing mind, do hereby make this my last will and testament, I hereby will and bequeath all my property, personal and real, to be held in trust for one hundred and twenty-five years, for the following six beneficiaries after deducting donations noted hereafter, one-half of the net income each year to be divided among those six beneficiaries, the other half to be accumulated and reinvested and the whole trust fund to be divided among them equally at the end of one hundred and twenty-five years:

"One-sixth to Sheltering Arms Hospital, Inc., Richmond, Va.

"One-sixth to Masonic Home of Richmond, Va.

"One-sixth to Home for Incurables of Richmond, Va.

"One-sixth to Protestant Episcopal Church Home, Inc., Richmond, Va.

"One-sixth to Crippled Childrens Hospital, Inc., Richmond, Va.

"One-sixth to white poor of Powhatan County, Virginia.

"After deducting donations noted below, I request Three Hundred Dollars paid annually during their life time to each of the following:

"Mrs. Annie B. Finch, of Powhatan, Va.

"Mrs. Louise Baker, of Route 1, Box 231, Hougton, Louisiana

"Mrs. Mary Hippy, Roanoke, Virginia

"Having already put a large estate in Newport News in trust for any children I may have had, I give each one Five Dollars.

"My ancestors having been intimate acquaintances of George Washington and I having represented George Washington for a number of years at White Sulphur Springs, I request Five Hundred Dollars to be given to rebuild St. Peters Parish, New Kent County, Virginia, at which George Washington was married, the same to be paid when the building is completed. If church is not rebuilt in twenty-five years, this bequest to lapse and pass as residue.

"I hereby appoint First and Merchants National Bank of Richmond, Virginia, my Executor and Trustee of this estate and request this will be filed and probated in Richmond, having lived in different localities for a number of years.

"The portion for white poor of Powhatan County to be paid to County Treasurer of Powhatan County and to be paid out by him on orders from white preachers of Powhatan County, Virginia. The funds held in this trust to be invested and reinvested in the discretion of the Trustee, without being restricted to investments approved by law for investment of trust funds, but such investments shall be in stocks and bonds listed in stock exchange of New York.

"Witness my hand and seal this 10th day of April, 1945.

"Fenton F. Finch, (Seal)

"J. H. Baskerville
F. B. Tolson, Jr.,
    Witnesses: "