# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

James S. Gilmore,
Attorney General

v.

Tauber et al.

## Case No. (Chancery) CH950516

BY JUDGE ALFRED D. SWERSKY

### October 5, 1995

After consideration of the memoranda filed, the arguments of counsel, and the authorities cited, the demurrer of Defendants will be overruled.

I am satisfied that the Attorney General of Virginia possesses the common law authority to bring this action and, thus, has standing. Further, the allegations, taken as true for purposes of this demurrer, state a cause of action for which relief can be granted.

As to the argument that no charitable trust is established by the facts alleged, this would constitute a factual defense, and this ruling is, of course, without prejudice to Defendants' rights to assert such a defense.

Mr. Bettius should prepare an appropriate decree noting Defendants' objections and directing the filing of grounds of defense and other responsive pleadings within fifteen days of the date of entry.

Defendants' Plea in Bar asserting the defense of laches was not argued, and if a separate factual hearing is required, it should be promptly scheduled.

### January 16, 1996

There is an absence of Virginia authority on the issue of whether or not Defendants are barred from raising the equitable defense of laches to this action; however, the majority of opinions dealing with the issue allow this defense to be asserted in cases where the Attorney General, by virtue of his office, seeks to enforce charitable trusts. The opinions speak of the reluctance of the Courts to apply the doctrine but do not bar its being raised. Therefore, Defendants are not barred from raising this defense,

although it would appear from the authorities that the burden is more difficult because of the nature of the action.

### February 22, 1996

Defendants' motion for a protective order to limit discovery to events on or before 1975 will be denied. Defendants have requested a bifurcated procedure to try certain issues first and then, depending on the Court's ruling, permit further discovery and a second trial of subsequent issues.

Judicial economy is best served by not placing such limitations on the discovery process in spite of the obvious volume of materials.

However, the Court will consider a bifurcated trial procedure so that the initial issues can be addressed at trial and then, depending on the ruling of the Court, the subsequent issues can be more promptly disposed of.

### April 15, 1996

This Court has previously ruled on the Attorney General's common law authority to enforce charitable gifts and charitable trusts. Complainant, with leave of Court, amended his Bill of Complaint to substitute as Complainant the "Commonwealth of Virginia, *ex rel.* James S. Gilmore, Attorney General of the Commonwealth of Virginia."

The amended bill alleges causes of action arising under Titles 13.1 and 55 of the Code of Virginia, as well as a count which appears to assert the common law right of the Attorney General to enforce charitable gifts and trusts.

Respondents have renewed their challenge to the right of Complainant to bring this action. Their demurrer will be sustained in part and denied in part.

Insofar as the complaint alleges a statutory cause of action under Title 55, the Court finds that the necessary complainant must be the local Commonwealth's Attorney. Code of Virginia, § 55-29. See also, *Fravel v. Shreve*, 181 Va. 225 (1943). The demurrer will be sustained as to any cause of action under Title 55 and Complainant is granted leave to amend to add such parties as he deems necessary.

The demurrer will be overruled as to any cause of action arising under Title 13.1 and any that arises at common law.

### June 10, 1996

Respondent's Demurrer and Plea in Bar to the Amended Bill of Complaint will be denied. For the reasons previously stated, the Court finds that the Attorney General does have common law authority to enforce

charitable trusts, that the Title 13.1 cause of action is within the jurisdiction of the Court, despite the fact that the incorporation took place in Maryland, and the procedural status of the Commonwealth's Attorney is in substantial compliance with Code of Virginia § 59-29. *See, Fravel v. Shreve*, 181 Va. 225 (1943).

Counsel should prepare an appropriate decree noting the objection of Respondents and ordering that an Answer and Grounds of Defense be filed by June 17, 1996.