In re Trust
under the Will of
Walter L. Sams,
deceased

August 7, 2002

Case No. HS-781-1

BY JUDGE MELVIN R. HUGHES, JR.

The question posed by the Motion Pursuant to Va. Code § 26-48 for Appointment of Trustee in Place of Deceased Trustee is whether the court should appoint a third trustee to replace a trustee who has died.

The Motion is brought by a trustee and the beneficiaries of a testamentary trust created by Walter L. Sams' will probated in this court on March 19, 1965. The remaining trustee opposes the Motion.

The parties dispute whether the court has authority to make an appointment pursuant to § 26-48, as the movants claim. The difference centers on whether the trust is a discretionary or mandatory one and whether the trust provisions that have effect presently and into the future, as well as those already implemented, are to be considered in determining whether the trust is a mandatory or discretionary one. See *Dillard v. Dillard*, 97 Va. 434, 34 S.E. 60 (1899). As their motion states, the movants rely on Va. Code § 26-48. In its pertinent part the statute provides:

> When a trustee in a will . . . dies . . . the circuit court. . . may on motion of any party interested . . . appoint a trustee or trustees in place of the trustee or trustees named in such instrument.

The opposing trustee relies on Va. Code § 26-54, which provides in its pertinent parts:

When any trust created by any will, deed or other instrument is discretionary, or one of personal confidence, and there is more than one trustee named in such will, deed or other instrument, and some but not all of such trustees die, resign or become incapable of acting, the trustee or trustees remaining shall thereafter exercise the powers given in such will, deed or other instrument, unless it is expressly provided in such will, deed or other instrument that the discretionary powers cannot be exercised by any number less than all of the original trustees named in such will, deed or other instrument.

When any trust . . . is discretionary or one of personal confidence and all of the trustees named . . . die, resign or become incapable of acting, or when there is only one trustee named and such sole trustee dies, resigns or becomes incapable of acting, then in such event a substituted trustee or substituted trustees may be appointed by the court . . . in the same manner as provided for the appointment of substituted trustees in other cases, and such substituted trustee or trustees shall exercise the powers of discretion and personal confidence vested in the original trustee or trustees. . . .

It is important to note that the court sitting in equity in matters of trusts is under no mandate from the General Assembly in these two statutes to appoint a trustee in the place of one who has died. Rather, with the Legislature's use of the permissive word "may" the court can consider an appointment or not using traditional principles in the exercise of the court's equity powers over trusts. One such consideration is whether the trust is discretionary as opposed to mandatory. Virginia Code § 26-54, in the first paragraph, is a legislative pronouncement that following the death of a trustee in a trust with more than one designated trustee the remaining trustees do not lack the authority to exercise the same discretion given to the original trustees. The statute aims at continuity in the management of the trust affairs despite the loss of one trustee in a multiple trusteeship. See e.g. *Moore v. Donnham,* 166 Va. 77, 184 S.E. 199 (1936). Otherwise, in its second paragraph, the statute aims to protect the trust by allowing the court to appoint a substitute in the event all of the trustees are no longer available to manage and direct the trust.

A reading of the trust instrument at bar demonstrates, clearly, an intent on the part of the trust settlor to imbue the three trustees designated with discretionary powers. Here, based on what the motion alleges, there is no reason advanced by which the court is to conclude that the two remaining trustees cannot or should not exercise what remains to be done in the

management of the trust in accordance with the trust provisions. Every provision of the trust can be implemented in accordance with the trust terms with two trustees or three. Accordingly, the court will deny the motion.