COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Beales and Senior Judge Annunziata


AJAI KUMAR SANDHIR
                                                              MEMORANDUM OPINION*
v.        Record No. 1546-08-4                                     PER CURIAM
                                                                   JUNE 16, 2009
NEETA AHUJA-SANDHIR


                        FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                                   Jonathan C. Thacher, Judge

              (Fred M. Rejali, on brief), for appellant.

              (Sarah Ann Piper; Nader Hasan, Guardian *ad litem* for the minor
              children; Culin, Sharp, Autry & Day, on brief), for appellee.


        Ajai Kumar Sandhir (father) appeals the trial court's order modifying visitation.  Father

argues that the trial court erred when it (1) involved the guardian *ad litem* (GAL) and considered his

report when the GAL had not met or spoken with father; (2) modified visitation without considering

the factors in Code § 20-124.3; and (3) ordered father to pay $5,000 of the attorney's fees of Neeta

Ahuja-Sandhir (mother) and to pay the GAL fees.  Upon reviewing the record and briefs of the

parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the

decision of the trial court.  See Rule 5A:27.

                                           BACKGROUND

        On June 22, 2006, the trial court entered an order regarding custody and visitation of the

parties' children.  A GAL was involved in that proceeding and was ordered to remain involved until

December 22, 2006.

--------

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On September 7, 2007, mother filed a motion to enforce and modify custody order. In her motion, mother requested the re-appointment of the GAL. Mother alleged that father was not following the June 22, 2006 order by keeping the children for extended periods in the summer without prior notice to mother. She also alleged that father would not communicate with mother, and instead communicated through the children. The children also were not allowed to communicate with mother while they were visiting father.

On December 13, 2007, the trial court held a hearing on mother's motion. The trial court entered an order on February 12, 2008. The trial court re-appointed the GAL and defined his role. The trial court modified the visitation schedule for summer vacation, Christmas/winter break, spring break, Father's Day and Mother's Day, the children's birthdays, Diwali, and every other weekend. The trial court also ordered that the parents were not to communicate through the children and that the children should be allowed to communicate with each parent during visitation. The matter was set for review on May 29, 2008. Father noted his objection to the re-appointment of the GAL, but not to the modified visitation schedule.

On May 29, 2008, the GAL presented his report to the trial court. Mother and father testified and presented argument and evidence. Mother presented an attorney's fees affidavit. In its order, the trial court clarified the visitation schedule for weekends and the summer. The trial court also ordered father to participate in anger management and co-parenting classes. The trial court ordered that the GAL remain involved and ordered father to pay the GAL fees. It awarded $5,000 in attorney's fees to mother. Father timely noted his appeal.

ANALYSIS

"In matters of custody, visitation, and related child care issues, the court's paramount concern is always the best interests of the child." Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990).

"As long as evidence in the record supports the trial court's ruling and the trial court has not abused its discretion, its ruling must be affirmed on appeal." Brown v. Brown, 30 Va. App. 532, 538, 518 S.E.2d 336, 338 (1999).

### Issue 1 – GAL

Father argues that the trial court erred in involving the GAL, re-appointing him, and considering his report when he had not met or spoken with father.[1]

> [I]n cases where the custody of a child or children is the subject of controversy or requires determination and each of the parents or other persons claiming a right to custody is represented by counsel, the court shall not appoint counsel or a guardian *ad litem* to represent the interests of the child or children unless the court finds, at any stage in the proceedings in a specific case, that the interests of the child or children are not otherwise adequately represented.

Code § 16.1-266(F).

"'[T]he rules and statutes that presently express the [circuit] court's authority to appoint guardians *ad litem* are not the exclusive sources of that power. Rather, they are non-exclusive codifications of an equitable power and responsibility dating back to chancery days.'" Ferguson v. Grubb, 39 Va. App. 549, 559, 574 S.E.2d 769, 773 (2003) (quoting Verrocchio v. Verrocchio, 16 Va. App. 314, 318-19, 429 S.E.2d 482, 485 (1993) (other citation omitted)). "'[T]he established practice is that a guardian *ad litem* may be appointed after a trial judge makes a preliminary finding that the best interests of the child require such appointment.'" Id. at 560, 574 S.E.2d at 774 (quoting Verrocchio, 16 Va. App. at 317, 429 S.E.2d at 484). "This practice is

---

[1] Mother points out that in father's opening brief, he added to his question presented the argument that the trial court erred in re-appointing the GAL. Father did not raise that issue in his original question presented. We find that the argument against the re-appointment of the GAL is similar to father's argument regarding the involvement of the GAL. Therefore, we will consider them together as one issue.

necessitated by the reality that the interests of a parent in a volatile custody dispute are not always consistent with those of the child." Verrocchio, 16 Va. App. at 317, 429 S.E.2d at 484.

Father admitted that he did not like mother and did not communicate with her. Prior to the trial court's December 13, 2007 ruling, he communicated with mother only two times in three years. He used the children as messengers. After hearing the stipulations and argument, the trial court stated, "In light of what everyone has said and how much both sides have agreed and stipulated these parties don't like each other, I think the guardian *ad litem* should be involved." Mother and father could not represent the best interests of the children because they were at odds with each other. The trial court did not err in involving and re-appointing the GAL in this case.

Father also argues that the trial court should not have considered the GAL's report at the May 29, 2008 hearing because the GAL had not met or spoken with father. However, the GAL had spoken with the children, and mother was in contact with the GAL. Father did not attempt to contact the GAL, despite the fact that the GAL gave father his business card after the December 13, 2007 hearing.

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988); see also Gallagher v. Gallagher, 32 Va. App. 714, 723, 530 S.E.2d 913, 918 (2000).

There is no evidence that the trial court abused its discretion in accepting the GAL's report. Mother testified about the incidents that occurred between the children and father since the last hearing. Father also testified about the incidents. The GAL had spoken with the children who explained what had been occurring. The report corroborated the parties' testimony.

- 4 -

<u>Issue 2 – Factors in Code § 20-124.3</u>

Father argues that the trial court erred in not considering or mentioning any of the factors in Code § 20-124.3 when it modified visitation.[2]

There is no transcript of the May 29, 2008 hearing. Father contends that when the parties presented the written statement of facts, they did not agree whether the trial court evaluated the factors in Code § 20-124.3. However, the trial court stated that it always takes into consideration the factors in Code § 20-124.3 and that it routinely looks at the code section and goes through each factor one-by-one. The GAL represented that he thought that the trial court did take the factors into consideration, even though the trial court did not specify which factor it was referring to in its ruling.

A court "shall consider" the factors in Code § 20-124.3 to determine the "best interests of a child" for custody or visitation. Code § 20-124.3. However, a court "'is not required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.'" <u>Sargent v. Sargent</u>, 20 Va. App. 694, 702, 460 S.E.2d 596, 599 (1995) (quoting <u>Woolley v. Woolley</u>, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986)). <u>See also</u> <u>Brown</u>, 30 Va. App. at 538, 518 S.E.2d at 338.

"Fairness and common sense dictate that policies regarding transcripts and statements of facts be reasonably analogous. Transcripts and statements of facts serve the identical purpose on appeal -- to provide a record of the incidents of the trial proceeding." <u>Anderson v. Commonwealth</u>, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 77 (1992).

---

[2] Father did not object to the visitation portion of the February 12, 2008 order, only to the appointment of the GAL. On the May 29, 2008 order, father's objections were "the GAL had not spoken to the Defendant [father] and there was no evidence of any anger by the Defendant, the Court did not consider any of the factors of 20-124.3 and the ruling was against the evidence." Father did not specifically object to the modified visitation schedule.

The statement of facts explains, "The Court has advised counsel that in making its ruling it considered the factors set forth in Section 20-124.3 of the Virginia Code." Therefore, since the statement of facts indicates that the trial court considered the factors in Code § 20-124.3, we will assume that the trial court did so. The statement of facts further explains the trial court's rulings at the May 29, 2008 hearing, citing father's incredible testimony and anger management issues. The record contains sufficient evidence to show that the trial court considered the factors in Code § 20-124.3.

### Issue 3 – Attorney's fees and GAL fees

Father argues that the trial court erred in awarding attorney's fees to mother and ordering father to pay for the GAL fees.

Father did not object to the award of attorney's fees and guardian *ad litem* fees. "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc). There was no miscarriage of justice in this case, and the ends of justice exception does not apply. Therefore, Rule 5A:18 precludes us from considering the issues of attorney's fees and GAL fees.

### CONCLUSION

The trial court's ruling is summarily affirmed. Rule 5A:27.

Mother asks this Court to award her attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Having reviewed

- 6 -

and considered the entire record in this case, we hold that mother is entitled to a reasonable amount of attorney's fees and costs, and we remand for the trial court to set a reasonable award of attorney's fees and costs incurred by mother in this appeal.

<u>Affirmed and remanded.</u>