COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


SHARON HATHAWAY FORREST

v.        Record No. 2256-94-4        MEMORANDUM OPINION[*]
                                           PER CURIAM
GREGORY LAWRENCE RUHLIN                JULY 18, 1995

               FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                       Jack B. Stevens, Judge

          (Sharon Hathaway Forrest, pro se, on briefs).

          (Andrew G. Lawrence, on brief), for appellee.

          Amicus Curiae: (Steven Allen Forrest, on brief), for
          appellant.


     Sharon Hathaway Forrest (mother) appeals the decision of the

Circuit Court of Fairfax County (trial court) denying her motion

to transfer this matter to the Juvenile and Domestic Relations

District Court of the City of Norfolk and resolving other issues.

 Mother was granted a divorce from Gregory Lawrence Ruhlin

(father) by the trial court in 1993.  At the time this matter was

heard by the trial court, mother lived in Norfolk with her new

husband and had custody of the parties' six children.

     Mother raises the following issues on appeal:  (1) whether

the trial court had authority to order mother's new husband to

refrain from making derogatory comments about father; (2) whether

the trial court erred by denying mother an additional hearing;

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

(3) whether the trial court's refusal to transfer this matter was in the children's best interests; and (4) whether the trial court was permitted by statute to prohibit derogatory statements. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. Rule 5A:27.

> On review, we consider the evidence in the light most favorable to the party prevailing in the trial court. Where the trial court's decision is based upon an ore tenus hearing, its determination will not be disturbed on appeal unless it is plainly wrong or without evidence in the record to support it.

Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989).

### I.   Authority Over Mother's Husband

"'In Virginia, we have established the rule that the welfare of the infant is the primary, paramount, and controlling consideration of the court in all controversies between parents over the custody of their minor children. All other matters are subordinate.'" Verrocchio v. Verrocchio, 16 Va. App. 314, 318, 429 S.E.2d 482, 484 (1993) (citation omitted). Moreover, "[i]n matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests." Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990).

We reject mother's contention that the trial court did not have authority to require mother's husband to refrain from making

2

derogatory comments about father in the presence of the children. Mother's husband had testified as a witness, was present in court, and was subject to the court's authority. There is no question mother's husband had sufficient notice, as the trial court spoke directly to mother's husband and ordered him to avoid making any comments about father in the presence of the children. See Rollins v. Commonwealth, 211 Va. 438, 441, 177 S.E.2d 639, 642 (1970). This is not an instance where due process requires the joinder of a party, and Code § 8.01-7, relied upon by mother, is not applicable.

In exercising its authority to promote the best interests of the children, a trial court may impose restrictions which affect non-parties. See, e.g., Carrico v. Blevins, 12 Va. App. 47, 49-51, 402 S.E.2d 235, 237 (1991) (mother who lived with her boyfriend was barred from having overnight visitors of opposite sex when son visited). Moreover, the trial court had authority to review and modify custody of the children if mother and her husband failed to comply with the court's order.

## II.  Additional Hearing

"After a court has concluded an evidentiary hearing, 'during which each party had ample opportunity to present evidence, it [is] within the court's discretion to refuse to take further evidence on this subject.'" Holmes v. Holmes, 7 Va. App. 472, 480, 375 S.E.2d 387, 392 (1988) (citation omitted). Contrary to mother's characterizations, we find no evidence that there were

3

improper _ex_ _parte_ communications or that mother was prevented from presenting evidence to the court. Mother received a copy of father's letter to the court concerning the use of "respite providers" to supervise father's visitation. Mother then filed a memorandum in response to the proposed split fee arrangement. The trial court had mother's arguments before it when it denied mother's requested arrangement. We cannot say the trial court abused its discretion when it entered the order without conducting an additional hearing.

### III. Denial of Transfer

Code § 20-79(c) allows, but does not require, the transfer of a matter concerning the care and custody of minor children from the circuit court to "any juvenile and domestic relations district court within the Commonwealth that constitutes a more appropriate forum." Transfer, therefore, is expressly left to the discretion of the trial court. The trial court noted that it was refusing to transfer the matter to the Juvenile and Domestic Relations District Court of the City of Norfolk because "[t]he case was tried here, and this Court has . . . been supervising this matter since the beginning."

We cannot say the trial court abused its discretion by retaining jurisdiction over a matter which had begun in the Fairfax County courts and over which the trial judge had presided for numerous hearings.

### IV. Derogatory Statements

Mother argues that the trial court erred when it ordered mother to refrain from making derogatory statements about father, because there was no evidence mother had made derogatory statements. Mother also argues that the Virginia Code does not authorize such a prohibition.

There was evidence to support the conclusion that mother had made negative comments about father to the children. For instance, while the eldest daughter testified that mother had never said anything against father, the daughter also testified that mother had said father was dangerous. Moreover, in furtherance of the children's best interests, the trial court was authorized to order mother to refrain from making derogatory comments, regardless whether such comments had been made in the past. Therefore, the trial court was acting within its statutory and discretionary authority in ordering mother to refrain from making derogatory comments about father in the presence of the children.

Accordingly, the decision of the trial court is summarily affirmed.

Affirmed.
