COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Powell and Senior Judge Annunziata
Argued at Alexandria, Virginia


IN RE:  C.J.F.[1]

                                                      MEMORANDUM OPINION[*] BY
       Record No. 0056-10-4                          JUDGE LARRY G. ELDER
                                                 AUGUST 24, 2010


IN RE:  W.R.F.

       Record No. 0057-10-4


FROM THE CIRCUIT COURT OF CULPEPER COUNTY
John G. Berry, Judge

Gilbert Harrison Berger (Berger Law Office, P.C., on brief),
Guardian *ad litem* for the minor children.

J. Michael Sharman (Commonwealth Law Offices, P.C., on brief),
for Keith Robert Coughlin and Tami Renee Coughlin.


Gilbert Harrison Berger (guardian) appeals the trial court's final adoption orders allowing

Keith Robert Coughlin (stepfather) to adopt the biological children of Tami Renee Coughlin

(mother, or collectively, the Coughlins), stepfather's wife.  The guardian argues that the trial court

abused its discretion by (1) issuing the final adoption orders without conducting an evidentiary

hearing to respond to the guardian's concerns regarding the adoption; (2) ruling that it was in the

best interests of the children to be adopted by stepfather in view of the totality of the circumstances;

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] This appeal was originally styled <u>Berger v. Coughlin</u>.  Upon the guardian's motion, we
have changed the style of the case to reflect the names of the proceedings as they appeared
before the trial court.

and (3) refusing to apply the doctrine of equitable estoppel to preclude stepfather from obtaining the final adoption orders. Finding no abuse of discretion, we affirm the final adoption orders.

I.

BACKGROUND

On appeal, "[w]e view the evidence in the 'light most favorable' to the prevailing party in the circuit court and grant to that party the benefit of 'all reasonable inferences fairly deducible therefrom.'" Toms v. Hanover Dep't of Soc Servs., 46 Va. App. 257, 262, 616 S.E.2d 765, 767 (2005) (quoting Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991)).

Mother has twelve-year-old twin sons, W.R.F. and C.J.F.,[2] the subject of the present adoption proceeding. Mother had previously been married to Garett Robert Farwell, and W.R.F. and C.J.F. were born during that marriage. However, Farwell is not the children's biological father, even though he was named as the father on the children's birth certificates.[3] Mother and Farwell divorced on December 19, 2005, and they agreed to share joint legal custody of the children.

On November 21, 2007, stepfather and mother filed petitions to adopt the children. On January 21, 2008, Farwell filed objections to the adoption petitions and a motion to intervene, which the trial court granted. The trial court appointed a guardian *ad litem* to represent the best interests of the children. In his answer to the adoption petitions, the guardian raised multiple reservations regarding the adoption and requested that the trial court "conduct an investigation

---

[2] In the interest of maintaining the anonymity of the minor children, we refer to C.J.F. and W.R.F. by their initials.

[3] The children's biological father is William Werbowetzki. He has had no contact with the children and has consented to the adoption.

- 2 -

and . . . hearing . . . so that all facts and relevant information regarding [C.J.F. and W.R.F.] be made known to the [trial c]ourt prior to a ruling on the merits of the Petition for Adoption."

On April 8, 2009, the trial court entered an Omnibus Agreed Order for C.J.F.'s adoption; it entered an identical order on September 9, 2009, for W.R.F.'s adoption. Both orders concluded "that this matter has been resolved by agreement of all the parties and the guardian" and, thus, that there was no "need for an investigation and report prior to entry of a final decree." Farwell withdrew his objection to stepfather's adoption of C.J.F. and W.R.F., and he obtained visitation rights with the children. All parties, including the guardian, signed the Omnibus orders as "WE ASK FOR THIS" without objection. The adoption proceedings were continued in order for the children to receive counseling and to proceed toward a final order consistent with the statutes.

On August 3, 2009, the guardian issued an interim report after meeting with the children and speaking with their counselor. Mother took exception to the guardian's visiting with the children without her prior consent. The guardian requested instruction and guidance from the trial court regarding his duties and access to the children. The guardian also recommended that the trial court not approve the adoptions due to "strong reservations about the motive and intentions behind these proceedings as well as whether the [children] 'need' to be adopted." On August 25, 2009, the trial court conducted a hearing and instructed the guardian to follow up with the counselor and report back to the trial court.

On September 4, 2009, the guardian filed another interim report detailing his meeting with the children's counselor. The guardian maintained that the trial court should not approve the adoptions. On September 8, 2009, the guardian reported back to the trial court his findings with respect to the counselor.

On September 30, 2009, the trial court held that the adoptions were in the best interests of the children and entered the final adoption orders. The guardian noted his objections and timely appealed the orders.

II.

ANALYSIS

A.

HEARING

The guardian argues the trial court abused its discretion in ruling that it was in the best interests of the children to be adopted by stepfather because no direct evidence rebutted the guardian's answers and affirmative defenses to the petitions for adoption. The guardian further contends the trial court should have conducted a hearing to address his concerns listed in his interim report regarding the counselor's analysis of the children and the Coughlins' motives behind limiting the guardian's access to the children.

As the guardian concedes, no specific mandate within Code § 63.2-1242 requires a formal hearing. Instead, "an investigation and report shall be undertaken only if the circuit court in its discretion determines that there should be an investigation before a final adoption order is entered." Id. While "a trial court must afford a litigant an opportunity to cross-examine a witness, it is not *required* to exercise that opportunity for the litigant." Venable v. Venable, 2 Va. App. 178, 182, 342 S.E.2d 646, 648 (1986) (emphasis added). The validity of the trial court's ruling is not lessened by its decision to forgo a formal hearing. Cf. Williams v. Williams, 14 Va. App. 217, 219, 415 S.E.2d 252, 253 (1992) ("While 'a divorce decree based solely on depositions is not as conclusive on appellate review as one based upon evidence heard *ore tenus*,' it is nonetheless 'presumed correct and will not be overturned if supported by substantial,

- 4 -

competent and credible evidence.'" (quoting Collier v. Collier, 2 Va. App. 125, 127, 341 S.E.2d 827, 828 (1986))).

Here, all parties, including the guardian, signed the Omnibus orders in which the parties agreed that there was no need for an investigation or report prior to the entry of a final order. The parties further agreed that the "stepparent adoption cases may proceed toward entry of a Final Order of Adoption consistent with the provisions of Code § 63.2-1241." By signing the Omnibus orders without objection, the guardian waived the "affirmative defenses" enunciated in his answer to the adoption petitions.

The trial court gave the guardian two additional opportunities to present evidence at the August 25, 2009 and September 8, 2009 hearings. The guardian chose not to present evidence or call witnesses to testify on those dates, and he did not renew any of the concerns he had registered prior to entry of the Omnibus orders. See Venable, 2 Va. App. at 182, 342 S.E.2d at 648-49 (noting that the litigant "did not avail himself of the opportunity to cross-examine" the witness or take her deposition when he knew she was available). The guardian questions whether it would have been appropriate for him to request a hearing on the merits, since "it was not the [guardian's] case to [either] present []or bear the burden of proof." However, if the guardian believed that a hearing on the merits was necessary, he could have requested one. See Stanley v. Fairfax County Dep't of Soc. Servs., 10 Va. App. 596, 603-04, 395 S.E.2d 199, 202-03 (1990) (discussing the authority of a guardian *ad litem*, including the ability to file petitions and appeals).

In summary, by signing the Omnibus orders without objection, the guardian indicated to the trial court that a hearing to address the concerns raised in his answer to the adoption petitions was unnecessary. Further, the trial court afforded the guardian ample opportunity to present evidence that would have addressed his concerns regarding his access to the children and the

counselor's role in the adoption proceedings.  The guardian did not avail himself of these opportunities.  Accordingly, the trial court did not abuse its discretion in granting the adoption petitions absent a formal evidentiary hearing.

B.

BEST INTERESTS OF THE CHILDREN

The guardian argues the trial court abused its discretion in ruling that it was in the best interests of the children to be adopted by stepfather in view of the totality of the circumstances. The guardian appears to contend that while Farwell withdrew his objection to the adoptions, the best interests standard nevertheless requires us to consider his initial objection and the basis therefor.  The guardian further suggests it is not in the children's best interests for stepfather to adopt them because no evidence shows such a course of action is necessary.  The guardian also emphasizes mother's conduct throughout proceedings as evidence of some malignant intent.

"When addressing matters concerning a child . . . the paramount consideration of a trial court is the child's best interests." Logan, 13 Va. App. at 128, 409 S.E.2d at 463.  "In matters of a child's welfare, trial courts are vested with broad discretion in making the decisions necessary to guard and to foster a child's best interests." Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990).  "Where a trial court makes a determination [that] is adequately supported by the record, the determination must be affirmed." Id. at 328, 387 S.E.2d at 796.  "[T]he recommendation of the guardian *ad litem* . . . while not binding or controlling, should not be disregarded." Bottoms v. Bottoms, 249 Va. 410, 420, 457 S.E.2d 102, 108 (1995).

The factors the trial court must consider when determining what is in the child's best interest include:

> the birth parent(s)' efforts to obtain or maintain legal and physical custody of the child; whether the birth parent(s) are currently willing and able to assume full custody of the child; whether the birth parent(s)' efforts to assert parental rights were thwarted by

other people; the birth parent(s)' ability to care for the child; the age of the child; the quality of any previous relationship between the birth parent(s) and the child and between the birth parent(s) and any other minor children; the duration and suitability of the child's present custodial environment; and the effect of a change of physical custody on the child.

Code § 63.2-1205.

Here, the record contains sufficient evidence to support the trial court's ruling that the adoption by stepfather was in the children's best interests. The trial court found that stepfather and mother were "financially, physically, and mentally able to maintain adequately and are morally suitable and proper persons to care for and train" C.J.F. and W.R.F. such "that the best interests of the infant[s] will be promoted" by the adoption. In addition to the August 25 and September 8 hearings, the trial court had before it the guardian's reports and the recommendations of the counselor who met with the children to discuss the impending adoption. Specifically, the counselor noted that "[b]oth children have expressed acceptance of the adoption, offered no concerns about the adoption and are looking forward to it." The counselor did not think it was relevant that C.J.F. did not want to change his last name because it was "his way of appeasing [Farwell]" and showing that Farwell "will continue to be his father and in his life." The counselor concluded that "there appears to be no clinical reason to delay the adoption."

The guardian's characterization of mother's conduct as secretive and underhanded comes only from speculation and surmise, not from tangible evidence in the record. The record is devoid of any evidence that mother's conduct has negatively affected C.J.F. and W.R.F. As the counselor noted, the children "exhibit no signs of psychosocial crises and they have mastered all developmental tasks at age appropriate times." Further, the guardian has cited to no authority, and we have found none, that requires proof of necessity in order to secure a final adoption order under Code § 63.2-1241. And, we reject the guardian's argument that we should consider

- 7 -

Farwell's visitation rights under *in loco parentis* theory.  The guardian was appointed to represent the interests of C.J.F. and W.R.F. pursuant to Code § 16.1-266 and not to advocate for any residual parental rights Farwell might have possessed.  See Verrocchio v. Verrocchio, 16 Va. App. 314, 322, 429 S.E.2d 482, 487 (1993) (upholding the appointment of a guardian "where such appointment was found necessary to protect the interests of the minor child").  If Farwell wished to revoke his consent or appeal the award of visitation granted in the Omnibus orders, he could have done so on his own behalf.  It is not the guardian's responsibility to advocate for him.  Because the evidence supports a finding that the adoptions were in the children's best interests, the trial court did not err in so ruling contrary to the guardian's recommendations.

C.

EQUITABLE ESTOPPEL

The guardian argues we should apply the doctrine of equitable estoppel to preclude stepfather from obtaining the final adoption orders because the trial court's ruling was plainly wrong and without evidence to support it.  Recognizing that a timely objection was not made to the trial court, the guardian asks that we invoke the "ends of justice" exception to Rule 5A:18.  We shall do neither.

Rule 5A:18 provided "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  We "will not consider an argument on appeal which was not presented to the trial court."  Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).  "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention."  Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (*en banc*).  "In order to avail oneself of the exception, a defendant must affirmatively show that a

- 8 -

miscarriage of justice has occurred, not that a miscarriage *might* have occurred." Redman v. Commonwealth, 25 Va. App. 215, 220-21, 487 S.E.2d 269, 272 (1997).

Here, the guardian failed to show that a miscarriage of justice occurred because the doctrine of equitable estoppel does not apply. "The '[e]lements necessary to establish equitable estoppel, absent a showing of fraud and deception, are a representation, reliance, a change of position, and detriment.'" NPA v. WBA, 8 Va. App. 246, 253, 380 S.E.2d 178, 182 (1989) (quoting Dominick v. Vassar, 235 Va. 295, 298, 367 S.E.2d 487, 489 (1988)). As stated above, the guardian was appointed to represent the interests of C.J.F. and W.R.F. In that capacity, he has pointed to no misrepresentation made by stepfather or mother to the children that induced them to act in a manner that resulted in their injury. See Moorman v. Blackstock, Inc., 276 Va. 64, 78, 661 S.E.2d 404, 411 (2008). Quite the opposite, the parties have been quite forthright with the children and have taken steps to ensure they will live in a supportive and loving household. Further, the Omnibus orders ensure that Farwell and the children will have frequent contact in accordance with their wishes. Thus, no evidence in the record suggests a fraud was perpetrated upon the guardian's clients to their detriment.

The guardian had an opportunity to make his objection and argue his position before the trial court, but failed to do so. Further, the guardian has failed to show that a miscarriage of justice occurred. Accordingly, we will not invoke the "ends of justice" exception to Rule 5A:18 to apply the doctrine of equitable estoppel to the present case.

D.

ATTORNEYS' FEES

The Coughlins request that this Court award them attorney's fees and costs associated with this appeal. When determining the "propriety of an award of attorney's fees for efforts expended on appeal," we "view the record in its entirety and determine whether the appeal is

frivolous or whether other reasons exist for requiring additional payment." O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

Here, the guardian's appeal was ultimately meritless. Ordinarily, under these circumstances we would consider awarding attorney's fees to the prevailing party. Here, the prevailing parties are the parents. Because the guardian represents the children, the parents would likely pay any fee awarded. See Verrocchio, 16 Va. App. at 322, 429 S.E.2d at 487 ("Indivisible from the power of appointment is the associated power equitably to apportion the fees and expenses of the guardian *ad litem* as *costs to the parties*." (second emphasis added)). Accordingly, we decline to award the Coughlins attorney's fees.

III.

CONCLUSION

We hold that (1) the guardian did not avail himself of the opportunity to present evidence or request a formal evidentiary hearing; (2) the circumstances support a finding that the adoptions were in the best interests of the children; and (3) the guardian did not timely raise his equitable estoppel objection in accordance with Rule 5A:18. We further decline to award the Coughlins attorney's fees for efforts expended on this appeal. Finding no abuse of discretion, we affirm the final adoption orders.

Affirmed.