COURT OF APPEALS OF VIRGINIA


Present: Judges Kelsey, Petty and Senior Judge Bumgardner


MARIA ISABELLA TURPIN

                                                        MEMORANDUM OPINION*
v.      Record No. 2129-11-4                                  PER CURIAM
                                                            APRIL 24, 2012
BILLY KEITH McGOWAN


                    FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                                J. Martin Bass, Judge

                    (Martin R. Mann, on brief), for appellant.

                    (William M. Sokol; Sokol & Jones, on brief), for appellee.


        Maria Isabella Turpin, mother, appeals the decision of the trial court awarding a change in

physical custody of their son to Billy Keith McGowan, father. Mother contends the trial court erred

in finding a change in circumstances and that the change in physical custody was in the best interest

of the child. Additionally, mother argues the trial court erred by excluding her experts' testimony

and admitting the testimony of the guardian *ad litem's* expert. Finally, mother appeals the award of

fees and costs to the guardian *ad litem*. Upon reviewing the record and briefs, we conclude that this

appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule

5A:27.


                                        Background

        On September 26, 2006, the Stafford County Juvenile and Domestic Relations District Court

entered an order awarding primary physical custody of the child to mother. The district court then

entered an agreed order on August 21, 2007, again awarding joint legal custody, with primary

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

physical custody remaining with mother, and directing preferences for care and visitation schedules, including that additional visitation was encouraged and not to be refused but for good cause. On May 20, 2008, the district court entered another order modifying the previous order with respect to vacation, medical payments, and travel. On June 7, 2010, upon father's motion to amend custody and enforce visitation, the district court granted father's motion and awarded him primary physical custody and continued joint legal custody. Mother appealed to the circuit court and, upon a trial *de novo*, the circuit court awarded primary physical custody to father and continued joint legal custody. It is from this order mother appeals.

<u>Change in Custody</u>

Mother contends the trial court erred by finding a material change in circumstances. In support of this contention she contests several adverse findings made by the trial court regarding (1) her relocation within Virginia; (2) her relocation and actions thwarting the father's relationship; (3) emotional, physical, or educational changes in the child; (4) financial, personal, and health changes of the parties; (5) the safety of father's home; and (6) improper weight assigned to the expert testimony.

The test to be applied in analyzing whether a change in custody is appropriate has two prongs: "first, has there been a change in circumstances since the most recent custody award; second, would a change in custody be in the best interests of the children." <u>Keel v. Keel</u>, 225 Va. 606, 611, 303 S.E.2d 917, 921 (1983) (citation omitted).

> The "change in circumstances" referred to in the first prong of the test is not limited to whether negative events have arisen at the home of the custodial parent. It is broad enough to include changes involving the children themselves such as their maturity, their special educational needs, and any of a myriad of changes that might exist as to them. It is also broad enough to include positive changes in the circumstances of the noncustodial parent such as remarriage and the creation of a stable home environment, increased ability to provide

emotional and financial support for the children, and other such changes.

Id. at 612, 303 S.E.2d at 921.

"On appeal, we review the evidence in the light most favorable to . . . the prevailing party below." Surles v. Mayer, 48 Va. App. 146, 156, 628 S.E.2d 563, 567 (2006) (citation omitted).

> "[W]hen a court hears evidence at an *ore tenus* hearing, its decision is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Moreover, the credibility of the witnesses and the weight to be accorded their testimony is a matter exclusively within the province of the trier of fact.

Yopp v. Hodges, 43 Va. App. 427, 439-40, 598 S.E.2d 760, 766 (2004) (citations omitted).

Viewed in this light, the evidence showed that mother moved from her residence in Stafford County to Sterling, Virginia, and then settled in Vienna, Virginia. The trial court found mother made the decision to move "unilaterally," without consulting the court or father, and without considering the impact the move may have on the child and his relationships. Father testified the move from Stafford to Northern Virginia was the greatest change in circumstance impacting his relationship with the child. Father stated the distance made it difficult to see his son on additional occasions beyond regular visitation. It is well settled that the "'relocation of [a] custodial parent constitutes a material change of circumstances,' thereby vesting the trial court with jurisdiction to modify a prior custody decree." Surles, 48 Va. App. at 174, 628 S.E.2d at 576 (citation omitted). Thus, the evidence supports the trial court's finding of a material change in circumstance based on mother's relocation.

Further, the record supports the other grounds cited for a change in circumstances. Witnesses who observed the child stated he appeared to be intelligent, creative, fun, and adventurous when in his father's care. However, in his mother's care, he was viewed as disengaged, and "not an easy, outgoing child." Mother felt it necessary to obtain counseling for the

child and herself. Mother's attitude toward father amply demonstrated her desire to prevent any additional visitation beyond what was outlined in the custody award. The occasion she drove through a snow storm to pick up the child was sufficient evidence to demonstrate that under no circumstances would she give father additional time with the child. Mother's actions and attitude clearly interfered with the relationship between father and son and showed she was not committed to fostering the father-son relationship. Although hazards were noted on father's property, the trial court reasonably found that the rural physical features of the home were not safety concerns.

All of the trial court's findings are supported by the record and are not plainly wrong. The weight the trial court accorded the witnesses was squarely within its province. Accordingly, the trial court did not err in finding material changes in circumstances in support of its judgment to award father primary physical custody.

### Best Interests of the Child

Mother argues the trial court erred by finding a change in custody was in the best interests of the child. In support of this argument, she challenges several adverse findings made by the trial court regarding: (1) failure to properly assign weight to the experts' testimony; (2) father's ability to better support the relationship with the other parent; (3) assigning no preference to mother as primary caretaker; (4) final decisions on medical care should be made by father; and (5) refusal to allow change in terms of visitation.

Of the two-prong test used to determine whether a material change in circumstances warrants a change in custody,

> [t]he second prong of the test is in accord with the countless cases in which we have stated that the best interests of the children are paramount. . . . [T]here can be no change in custody unless such a change will be in the best interests of the children. The second prong, then, is clearly the most important part of the two-part test.

Keel, 225 Va. at 612, 303 S.E.2d at 921. The trial court in its letter ruling clearly outlined its emphasis on this second prong, citing the factors in Code §§ 20-124.2 and 20-124.3, and noting its reliance thereon. None of the factors listed within these code sections, or any other guiding principles, require the trial court to assign preference to the primary caretaker *per se*. Further, it was within the trial court's province to assess credibility and assign weight to all the testimony presented. Viewing the evidence in the light most favorable to father, as we must, the record supports the trial court's conclusion that father was more capable and willing to work with mother, and to support the relationship between mother and child. Notably, mother felt father should have no custody at all and even wished father was dead, by one account. The record also demonstrated a concern regarding mother's regulation of their son's medications and communication with father about necessary medication. Thus, the record supports the trial court's ruling that it was in the best interests of the child for father to control medical, and counseling, decisions. The trial court reasonably resolved all conflicts in the testimony in favor of father. The record supports the trial court's findings, and they are not plainly wrong. Accordingly, the trial court did not err by finding the change in custody was in the best interests of the child.

### Expert Witnesses

Mother maintains the trial court abused its discretion in excluding the testimony of one of her expert witnesses and allowing testimony of a previously unidentified expert witness called by the guardian *ad litem*. "'The admission of expert testimony is committed to the sound discretion of the trial judge, and we will reverse a trial court's decision only where that court has abused its discretion.'" Tarmac Mid-Atlantic, Inc. v. Smiley Block Co., 250 Va. 161, 166, 458 S.E.2d 462, 465 (1995) (citation omitted).

> "Given the 'broad discretion' of a trial judge over evidentiary
> matters, we apply a deferential abuse-of-discretion standard of
> appellate review." The abuse-of-discretion standard, "if nothing else,

- 5 -

means that the trial judge's 'ruling will not be reversed simply because an appellate court disagrees.'" "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred."

Tynes v. Commonwealth, 49 Va. App. 17, 21, 635 S.E.2d 688, 689 (2006) (citations omitted).

The trial court allowed mother to make a full proffer, in open court, about what her expert witness would testify. Thus, the trial court had the proffered evidence before it. What weight the trial court assigned to the evidence was within its province. Similarly, the admission of the guardian *ad litem's* expert testimony was within the trial court's discretion and nothing in the record suggests the trial court abused its discretion in allowing the witness to testify. Accordingly the trial court did not abuse its discretion and, thus, did not err by allowing the guardian *ad litem's* expert to testify and refusing to allow mother's expert witness to testify.

Guardian *Ad Litem's* Fees and Costs

Mother contends the trial court erred in awarding fees and costs to the guardian *ad litem* because the parties had no opportunity to review or argue the reasonableness of the amount claimed. It is within "the discretionary power of the court, in an appropriate case, to appoint a guardian *ad litem* to protect the best interests of a child in a contested custody hearing." Verrocchio v. Verrocchio, 16 Va. App. 314, 321, 429 S.E.2d 482, 486 (1993) (citation omitted).

> "Indivisible from that power of appointment is the associated power equitably to apportion the fees and expenses of the guardian *ad litem* as costs to the parties. Code §§ 20-79(b) and 20-99(5) provide the statutory basis for the award of such costs as equity and justice may require. Such an award is considered remedial and is within the recognized "discretion of a court of equity over the subject of costs." Code § 14.1-177 [now Code § 17.1-600].

Id. at 322, 429 S.E.2d at 487. Although mother stated her objection in a document of objections to the final order, she did not argue or obtain a ruling from the trial court on this issue.

> Because [mother] did not obtain a ruling from the trial court on [her] . . . motion, "there is no ruling for [this Court] to review" on appeal, and [her] argument is waived under Rule 5A:18. The main

> purpose of requiring timely specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals.
>
> Although Rule 5A:18 contains exceptions for good cause or to meet the ends of justice, appellant does not argue these exceptions and we will not invoke them *sua sponte*.

Williams v. Commonwealth, 57 Va. App. 341, 347, 702 S.E.2d 260, 263 (2010).  Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18, since guardian *ad litem* fees may properly be assigned as costs to the parties.

Accordingly, the decision of the trial court is summarily affirmed.

Affirmed.