# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Ryan Michael Hart

v.

Robin Barnett Hart

September 24, 2013

Case No. (Civil) CL08-1492

By Judge Marjorie A. Taylor Arrington

This matter came before the Court on June 19, 2013, for a hearing regarding the guardian *ad litem*'s motion for payment of fees, among other matters. This Court took the motion under advisement for the consideration of two questions: (1) whether the guardian *ad litem* could continue to render and bill for services after entry of the final decree of divorce; (2) whether the filing of a petition for a rule to show cause by the guardian *ad litem* created a conflict requiring her to withdraw from representation.

For the reasons described below, the Court is of the opinion that the guardian *ad litem* was without power to act following entry of the final decree and is, therefore, not entitled to bill for her services thereafter rendered. Consequently, the issue of whether her filing of a show cause against the plaintiff created a conflict requiring withdrawal from representation is moot.

## I. *Procedural and Factual Background*

This Court appointed the guardian *ad litem* by *pendente lite* order of July 30, 2008, which provided in relevant part: "Julia Keller, Esq., is hereby appointed guardian *ad litem* for the minor children, and the parties will cooperate with her investigation." The August 1, 2011, final decree of divorce entered in this matter stated that the case was dismissed from the docket, with the exception of custody and visitation matters, over which this Court expressly retained jurisdiction. The plaintiff appealed the decision to the Court of Appeals of Virginia, which affirmed the judgment in an unpublished opinion. *Hart v. Hart*, 2012 Va. App. LEXIS 188 (June 5, 2012).

The Supreme Court of Virginia refused plaintiff's petition for appeal. The guardian *ad litem* shortly thereafter filed a petition for a rule to show cause to collect her earned fees and costs pursuant to the terms of the final decree.

Later that month, the defendant contacted the guardian *ad litem* to request assistance. The guardian *ad litem* provided aid regarding childcare and filed a petition to reinstate the case on the docket, but did not notice a hearing in this regard. On February 11, 2013, the guardian *ad litem* and defense counsel filed a petition to reinstate, accompanied by the guardian *ad litem*'s show cause petition and order regarding the plaintiff's failure to pay her fees and costs. The plaintiff paid the fees and costs incurred prior to entry of the final decree, totaling $6,223.43, on April 22, 2013. On June 6, 2013, the guardian *ad litem* filed a motion for the payment of her fees and expenses incurred after entry of the final decree. These fees and costs do not stem from the direct appeals filed in this matter.

This Court conducted a hearing on June 19, 2013, and took the matters decided herein under advisement.

## II. *Analysis*

### A. *Ability of the Guardian ad Litem to Earn and Collect Fees After Entry of the Final Decree*

The plaintiff maintains that the guardian *ad litem* only retained the authority to represent the children with respect to appeals, not post-final decree custody and visitation issues. Therefore, according to the plaintiff, the guardian *ad litem* does not have the authority to bill and collect attorney's fees and costs incurred after entry of the final decree.

The guardian *ad litem* replies that, because the final decree specifically retained jurisdiction over custody and visitation matters and did not relieve her of her duties, she retained her authority to act in this matter.

Although the appointment of guardians *ad litem* in contested divorce matters involving children is a common occurrence in Virginia, the authority under which circuit courts make such appointments is inferential. *See Verrocchio v. Verrocchio,* 16 Va. App. 314, 316–17, 429 S.E.2d 482, 484 (1993) ("Although no statute expressly prohibits, permits, or requires a circuit court to appoint a guardian *ad litem* for a child involved in a contested custody dispute, Virginia courts have frequently done so."). There is express authority conferred upon the juvenile and domestic relations district courts to protect children involved in custody and visitation disputes, however. *See* Va. Code §§ 16.1-266(F) ("In all other cases which in the discretion of the court require counsel or a guardian ad litem, or both, to represent the child or children or the parent or guardian, discreet and competent attorneys-at-law may be appointed by the court.") and 16.1-268 ("The order of appointment of counsel pursuant to § 16.1-266 shall be filed with and become a part of

the record of such proceeding. The attorney so appointed shall represent the child or parent, guardian or other adult at any such hearing and at all other stages of the proceeding unless relieved or replaced in the manner provided by law.").

The Court of Appeals has recognized the symmetry of interests protected by a guardian *ad litem* in juvenile and domestic relations proceedings and direct appeals therefrom, where appointment of a guardian is expressly allowed, and contested custody and visitation issues in circuit court divorce proceedings, where there is no explicit statutory authority for such appointment. *Verrocchio*, 16 Va. App. at 320, 429 S.E.2d at 486 ("Although this provision is not applicable to a custody hearing that is ancillary to a divorce suit in circuit court, the same underlying concerns addressed by the legislature in this provision are present in the circuit court proceeding."). Because the best interest of the child is paramount in proceedings where minors are concerned, it is well-established that a circuit judge may appoint a guardian *ad litem* for children that are the subject of custody and visitation disputes ancillary to a divorce proceeding. *See, e.g., Kern v. Lindsey*, 182 Va. 775, 779, 30 S.E.2d 707, 708 (1944); *Verrocchio*, 16 Va. App. at 322, 429 S.E.2d at 487.

It, therefore, appears that the appointment of a guardian *ad litem* in post-divorce proceedings regarding children could be permissible under certain circumstances. However, in this case, the guardian *ad litem* was appointed before entry of the final decree, in the *pendente lite* order of July 30, 2008.

It is well settled that *pendente lite* orders do not survive the dismissal of a case or entry of a final decree. *See Whiting v. Whiting*, 262 Va. 3, 4 (2001) ("This Court further holds that the *pendente lite* decree awarding spousal support only applied during the pendency of litigation and was terminated when the cause was dismissed by the final decree of divorce."); *Smith v. Smith*, 4 Va. App. 148, 151, 354 S.E.2d 816, 818 (1987); *Davis v. Davis*, 82 Va. Cir. 430, 434 (Madison Cnty. 2011) ("This amount was set forth in a *pendente lite* order; however, this order expired with the entry of the final decree.").

In this case, the guardian *ad litem* was appointed in a *pendente lite* order. This order expired upon entry of the final decree. Accordingly, the Court, while recognizing the excellent and painstaking work of the guardian *ad litem* in this matter, finds that she is not entitled to recover her fees for work performed following entry of the final decree, as she was no longer empowered to act in the case.

B. *Whether the Filing of a Show Cause by the Guardian ad Litem Against a Party Necessitates Withdrawal*

Plaintiff argues that the filing of a show cause by the guardian *ad litem* against the plaintiff to enforce this Court's May 9, 2011, order for the

payment of the guardian *ad litem*'s fees incurred before entry of the final decree gives rise to a conflict of interest requiring withdrawal.

The guardian *ad litem* responds that she was not in conflict with any ethical rules in filing a rule to show cause against the plaintiff to collect delinquent fees. She specifically questioned the Virginia State Bar Ethics Hotline, and was told that her "client is the child" and accordingly, filing a show cause against a party would not create a conflict between her and her client.

Given the disposition of the first issue in this case, the Court will not address the second. *See, e.g., Weedon v. Weedon*, 283 Va. 241, 259, n. 8, 720 S.E.2d 552, 561, n. 8 (2012) (declining to address assignments of error rendered moot by Court's resolution of other issues in the case).

### III. *Conclusion*

The Court accordingly holds that the guardian *ad litem* was without power to act following entry of the final decree and is consequently unable to bill and collect for services rendered during that time. This resolution moots the inquiry regarding an alleged conflict created by the guardian *ad litem* filing a show cause.