COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Humphreys, McCullough and Senior Judge Bumgardner


RUBINA AZAM, F/H/A
 RUBINA MIAH
                                                    MEMORANDUM OPINION*
v.      Record No. 0884-14-2                           PER CURIAM
                                                      NOVEMBER 18, 2014
AZHAR MIAH


FROM THE CIRCUIT COURT OF HENRICO COUNTY
Catherine C. Hammond, Judge

(Neil Kuchinsky; Kuchinsky & Yeamans, P.C., on brief), for
appellant.

(Richard L. Locke; Shannon S. Otto; Locke & Quinn, on brief), for
appellee.


Rubina Azam (mother) appeals a custody and visitation order. Mother argues that the trial

court erred by (1) failing to consider all of the necessary factors in determining custody and

visitation; (2) failing to appoint a guardian *ad litem* for the child because the trial court refused to

speak with the child, there was disagreement regarding the frequency of the mother's

communication and visitation with the child, and the child was not able to make her own decisions;

(3) ordering that Azhar Miah (father) and his parents shall have joint legal custody of the parties'

child; and (4) not ordering that the child could have a passport, so long as she returned to the United

States. Upon reviewing the record and briefs of the parties, we conclude that this appeal is

without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule

5A:27.

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

The parties married on July 4, 2000 and divorced on August 4, 2003. They have one daughter, who was born in May 2001.

Pursuant to the final decree of divorce, the parties had joint legal custody of their daughter, with father having primary physical custody. Mother had reasonable visitation, including every other weekend and additional time during the week, summer, and holidays.

On December 1, 2006, the trial court entered an order modifying mother's visitation. The visitation addressed the time periods between December 2006 until August 2007 and encouraged the parties to determine the visitation schedule for the 2007-08 school year. If the parties were unable to agree on a visitation schedule, then they could bring the matter to the court's attention, and mother could continue to have monthly visits in Richmond.

Since the December 1, 2006 order, mother married and moved to California. On December 12, 2013, father filed a motion to amend custody and visitation. Father alleged that mother had not visited with the child "for over six (6) years" and that joint legal custody was "unworkable."

On April 14, 2014, the parties appeared before the trial court on father's motion. Mother testified that she visited with their daughter "every two to three, four months, five months," but the last time that she saw her was in May 2010. She introduced photographs to verify her visitations. She also testified that she maintained weekly telephone contact with their daughter until December 2013. She said that since December 2013, she would call, but no one answered. She admitted that she would not agree to sign the papers for their daughter's passport because she was concerned about her daughter's safety and that her daughter would not return to the United States.

Father testified that he has lived with his parents since approximately 2000, and his daughter has always lived there. He and his parents have lived in Richmond for almost forty years. Father testified that he proposed a visitation schedule after the summer of 2007, but mother did not respond. He also explained that mother would tell the child that she was coming to visit, but never came. Father testified that he asked mother to sign the passport forms so that he could take their daughter on the Hajj for their religious pilgrimage to Mecca. Mother refused.

After hearing all of the evidence and argument, the trial court held that there has been a material change in circumstances, including mother's remarriage and the parties' inability to decide on a visitation schedule. The trial court further found that "the mother and the child have not been in close contact and the last physical contact was almost four years ago." Based on these changes, it ordered that joint legal custody be awarded to father and his parents. It also ordered that mother would have visitation and contact with the child upon request of the child. Lastly, it held that father could obtain a passport for the child. The trial court entered an order reflecting its rulings on the same date of the hearing, April 14, 2014. The trial court handwrote the following on the order: "Ms. Azam objected orally to all of this Court's rulings." Mother's endorsement was waived pursuant to Rule 1:13. She did not file any objections or post-trial motions. This appeal followed.

ANALYSIS[1]

*Assignments of error # 1 and 4*

For her first assignment of error, mother argues that the trial court erred by not considering "all the necessary factors in making its decisions regarding custody and visitation."

---

[1] Father argues that mother erroneously included the transcript from the April 14, 2014 hearing in the appendix because she did not include it in her designation of the contents of appendix. Although the transcript was not in the designation, the transcript was timely filed with the circuit court and included in the record. Father was not prejudiced by its inclusion in the appendix.

Mother argues in her opening brief that the judge did not communicate her decision based on the Code § 20-124.3 factors. Mother did not raise this argument below, nor did she file any objections or post-trial motions.

For her fourth assignment of error, mother argues that the trial court "should have made the grant of the passport to the child conditional on the child's return to the U.S." Again, mother never raised this argument below.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. "The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc).

We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

Since mother did not raise the arguments in her first and fourth assignments of error with the trial court, this Court will not consider them.

*Assignment of error #2*

Mother argues that the trial court abused its discretion by not appointing a guardian *ad litem* for the child. She contends a guardian *ad litem* was necessary to investigate the situation, including the child's feelings and her home.

It is within "the discretionary power of the court, in an appropriate case, to appoint a guardian *ad litem* to protect the best interests of a child in a contested custody hearing." Verrocchio v. Verrocchio, 16 Va. App. 314, 321, 429 S.E.2d 482, 486 (1993) (citation omitted). "[I]n those contested custody cases where the trial judge finds that the best interests of the child

are not adequately protected by the parties, appointment of a guardian *ad litem* for the child is appropriate." Id. at 322, 429 S.E.2d at 487.

The trial court did not find that it was in the child's best interests to appoint a guardian *ad litem* in this case. The child was available to speak with the trial court. However, the trial court declined to speak with the child because it did not want to "put her in that position" and it could "tell from the testimony" of both parents and the paternal grandfather how the child felt.

Based on the circumstances of this case, the trial court did not abuse its discretion in declining to appoint a guardian *ad litem*.

*Assignment of error #3*

Mother argues that the trial court erred by changing the legal custody of the child to father and his parents. Mother contends there was insufficient evidence to support the trial court's ruling.

"[T]he parent seeking to obtain a transfer of custody bears the burden to show a change in circumstances following the most recent custody award." Hughes v. Gentry, 18 Va. App. 318, 322, 443 S.E.2d 448, 451 (1994) (citations omitted).

"The test [for modifying custody] . . . has two prongs: first, has there been a change in circumstances since the most recent custody award; second, would a change in custody be in the best interests of the children." Keel v. Keel, 225 Va. 606, 611, 303 S.E.2d 917, 921 (1983).

"As long as evidence in the record supports the trial court's ruling and the trial court has not abused its discretion, its ruling must be affirmed on appeal." Brown v. Brown, 30 Va. App. 532, 538, 518 S.E.2d 336, 338 (1999).

Father presented evidence that the child has lived with him and his parents her entire life. Since the last court order, mother remarried and moved to California. Father argued that mother had not been very involved in the child's life and rarely visited the child. The trial court found

that the child and mother were not in "close contact" and mother's last visit was "almost four years ago." The trial court further held that the parents were "unable to cooperate on the visitation schedule." There was evidence regarding the parents' inability to communicate and agree on whether the child should get a passport and under what circumstances. There was no evidence regarding mother's involvement in the child's daily life, whereas father and his parents were actively involved in the child's daily life. Father presented evidence about how well the child was doing in school and her extracurricular activities. The trial court also heard evidence that when father traveled for work, his parents took care of the child and have been an important part of her life.

Based on all of the evidence, the trial court did not err in finding that there had been a material change in circumstances and that a change in custody was in the child's best interests.

*Attorney's fees and costs*

Father asks this Court to award him attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). On consideration of the record before us, this Court denies father's request.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.